34 C.C.P.A. (Patents)

## In re O'CONNOR.
## Patent Appeal No. 5287.

Court of Customs and Patent Appeals.
April 22, 1947.

Moore, Olson & Trexler, of Chicago, Ill. (Ballard Moore and Richard R. Trexler, both of Chicago, Ill., Charles L. Sturtevant, of Washington, D. C., and Henry L. Shenier, of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting all of the claims 1 to 9, inclusive, 11 and 12 of an application for a patent alleging new and useful improvements in "Metal Furniture Structure and Method of Making Same."

The application is a continuation-in-part of appellant's co-pending application, Serial No. 170,256, filed October 21, 1937, for a patent for "Chair Construction." The present application is concerned particularly with chair seat and back structures, method of fabricating same and means of attachment to the chair frame of the backs and seats. All of the rejected claims are for method of fabrication.

Claim 1 is illustrative of the involved subject matter and reads as follows: "1. The method of making a metal furniture part which comprises applying and securing a piece of facing upholstery material to a sheet metal member, and thereafter forming the sheet metal member with the upholstery material applied thereto into the desired part shape."

The examiner rejected all of the claims as improper method claims, holding they were drawn to an obvious method of making and assembling the seats and backs. He further rejected claims 11 and 12 on the grounds of undue multiplicity and as being aggregative. He also rejected the claims as unpatentable over the following prior art: Sexton, 1,161,164, November 23, 1915, Papp, 2,043,809, June 9, 1936, Corduan, 2,076,619, April 13, 1937, Shwayder, 2,103,874, December 28, 1937.

The alleged invention relates to the bonding of upholstery material by an adhesive to a flat piece of sheet metal, either with or without interposing padding, then shaping or bending the laminated sheet with or without padding into the form of a chair seat or back member and finally placing such member into a chair construction. It is said that this process gives a better fit of the covering material than the conventional method of applying the covering to a base after it has been shaped. The upholstery material may be cloth, leather, or other suitable material and the padding of felt, cotton, hair or the like is mounted on card-

board backing which may or may not be bonded to the metal sheet piece.

The patent to Sexton relates to internally protected sheet metal receptacles, particularly cans made of tin plated metal or the like. It discloses a flat piece of sheet metal having paper secured to it by adhesion. Thereafter the metal piece with the adhered paper is bent or formed into a desired shape, specifically to form a can or receptacle.

The Papp patent relates to a method of making cut-embossing stock sheets, composite or laminary in character, comprising a top flexible layer of metallic foil, or the like, to which on its under side is adhesively attached a layer of fibrous material, such as paper, to the bottom of which may be applied a coating of quick drying glue, bum arabic, shellac, or the like, providing a hard but flexible sheet of material somewhat resistable to cutting thrusts. Under that layer is applied an unvulcanized rubber tissue or the like. After the laminated sheet is subjected to low heat temperature, pressure may be applied by a stamping apparatus which results in the receiving and retaining of an embossed impression of any desired character or design on the foil surface.

The Corduan patent relates to cushions for folding metal chairs. The cushion is formed after the chair seat or back has been shaped and is attached thereto.

The Shwayder patent relates particularly to tubular metallic folding chairs in which the back forming portion may be easily mounted and removed and so constructed that upholstery may be readily attached to and removed therefrom.

The Board of Appeals, in its decision, reversed the rejection of the examiner on the grounds that the claims were improper method claims and that claims 11 and 12 were aggregative and their presence in the application caused undue multiplicity. The board affirmed the rejection of the claims as unpatentable over the prior art.

The principal issue here is whether a broad method claim, such as claim 1, is patentable over the prior art. In substance that claim was rejected as unpatentable over the cited references for the reason

that no invention was believed to be present in forming the seats and backs of metal chairs as disclosed in the Corduan or Shwayder patents by the process of the Sexton patent, or that of the patent to Papp.

It is contended by appellant in his brief that the Sexton and the Papp patents are from non-analogous art and that the tribunals of the Patent Office relied upon them to meet what he terms obvious deficiencies in the Corduan and the Shwayder patents. The usual argument is made that the tribunals below, in relying upon the Sexton and the Papp patents, were guided by "hindsight" reasoning and that when considered independently of appellant's disclosure would not teach one skilled in the metal furniture art to use the method defined by the rejected claims.

Even though it should be held that the Sexton and the Papp patents are in non-analogous art, nevertheless their disclosures may not be ignored. There would still be no invention in the method claimed in one art if it were within the exercise of the skill of the worker in that art to make use of a method in a non-analogous art. Potts v. Creager, 155 U.S. 597, 15 S.Ct. 194, 39 L.Ed. 275, cited with approval in Re Kylstra, 87 F.2d 487, 24 C.C.P.A. (Patents) 938.

It is clear that in the process of the Sexton patent, sheet metal is adhesively bonded with a sheet of paper and thereafter the laminated sheet is shaped. The object sought to be obtained in that process is the construction of a metal receptacle, but we think it would not involve invention to stamp, or form, or work such laminated sheet into any desired form. It follows that there can be no invention in constructing the chair disclosed in the Shwayder or Corduan patents by making use of the processes shown in either the Sexton or the Papp patents. In both of those flat laminated sheets are pressed, stamped, or worked into completely shaped articles.

Since the sole question here, as conceded by appellant in his brief, is whether the claims were properly rejected over the prior art and since it would be obvious, as we see it, for one skilled in the metal

furniture making art to employ the process of the Sexton or Papp patents in constructing the chair seats and backs disclosed in the patents of Shwayder or Corduan, we find no error in the decision appealed from and it is accordingly affirmed.

Affirmed.