36 C.C.P.A.(Patents)

**Application of MARIANI.**

**Patent Appeal No. 5598.**

United States Court of Customs and Patent Appeals.

Argued May 4, 1949.

Decided Sept. 30, 1949.

294

Charles M. Palmer, Washington, D. C., for appellant.

W. W. Cochran, Washington, D. C. (J. Schimmel, Washington, D. C. of counsel) for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges.

GARRETT, Chief Judge.

Thirteen claims in appellant's application for patent for a fruit juice extractor were allowed by the Primary Examiner, but he rejected ten others for reasons hereinafter stated, and the Board of Appeals affirmed his rejection. By appeal appellant brings the case before us seeking review and reversal of the board's decision.

The appealed claims are divisible into two groups, the first group embracing those numbered 1 to 5, inclusive, and the second group embracing those numbered 13 to 16, inclusive, and 18.

The Board of Appeals and appellant treated claims 3 and 14 as illustrative of the respective groups. In his brief before us the Solicitor for the Patent Office expressed the belief that claims 1 and 13 are more representative of both of the groups and "of the subject matter for which patent protection is sought." In view of the nature of the issues involved, the differences between the several claims do not seem to

us to be of any particular importance and we follow the board's action in quoting Nos. 3 and 14.

"3. In a juice extractor, a base, a column carried by said base, a juice collecting and draining receptacle sustained by said column, an anvil mounted in said receptacle, a pressure applying member, driving means for actuating said member towards or away from said anvil, a control lever for operating said driving means, guide means secured to said base, a balancer movably controlled by said guide means and adapted to be withdrawn from or retracted within said base, and means to limit displacement of said balancer relative to said base.

"14. In a juice extractor, a base, a column carried by said base, a juice collecting and draining receptacle sustained by said column, an anvil mounted in said receptacle, a pressure applying member, driving means for actuating said member towards or away from said anvil, control means comprising a housing for operating said driving means, a handle slidably guided by said housing and adapted to be withdrawn from or retracted into said housing, guide means carried by said base, and a bar slidably controlled by said guide means and having a manipulator for withdrawing or retracting said bar relative to said guide means."

There are no distinctions between the claims of the respective groups which require separate consideration of any particular claims—that is, all the claims of each group stand or fall together.

The following patents were cited as references. Palmer, 250,165, Nov. 29, 1881; Poehls, 1,782,313, Nov. 18, 1930; Johnson, 2,090,913, Aug. 24, 1937.

In his official statement following the appeal to the board, the Primary Examiner described appellant's device in great detail, and both the board and the solicitor rely upon his description without themselves describing it. Certain of the details were of importance in connection with the claims that were allowed, but are of no particular importance here. The claims above quoted seem to us fully descriptive and but little explanation is necessary.

We think it clear that every element named in claims 1 to 5, inclusive, composing the first group, is disclosed in the Johnson patent, except the "balancing" feature designated in claim 1 as "adjustable means for stabilizing said base against tilting of said extractor," and in claim 3 as "means to limit displacement of said balancer relative to said base."

We also think it clear that every element named in claims 13 to 16, inclusive, and 18, composing the second group, is disclosed in the Johnson patent, except the slidable handle feature identified in claim 14, supra, as "a handle slidably guided by said housing and adapted to be withdrawn from or retracted into said housing," and by substantially similar phraseology in claim 13 and other claims of the second group.

The following from the decision of the board clearly states the situation as we view it: "In order to provide for an increased mechanical advantage and a consequent easier extraction of the juice from fruit such as oranges, appellant has modified a juice extractor of the general type as represented by the patent to Johnson by the provision therein of an extensible handle, and, because a handle of increased length would tend to tip or tilt the device, has also added thereto an extensible base member which when extended increases the size of the supporting base and tends to prevent tipping upon use of the operating handle in extended position."

So, the two groups of claims were rejected on Johnson in view of Poehls and Palmer. Specifically, the first group, composed of claims 1 to 5, inclusive, seems to have been rejected on Johnson in view of Poehls, and the second group 13 to 16, inclusive, and 18, on Johnson in view of Palmer.

None of appellant's reasons of appeal challenges the holding as to the Johnson patent disclosing all the elements, except the extensible handle and balancing features defined in the appealed claims, and the gravamen of the allegations of error in the reasons of appeal is that both the Poehls and Palmer patents are in fields of art not analogous to the field of appellant's application.

The Palmer patent is for a fishing reel, the pertinent feature of which appears to be "an extensible crank for increasing the length of leverage when necessary when reeling in the line, the extension-arm being adapted to be withdrawn to shorten the lever to ordinary length while casting out the line."

The Poehls patent relates to an adjustable base for automobile jacks. The pertinent feature of it appears to be a slidable part adapted to be connected with or added to the normal base of the jack so that an enlarged base for supporting the jack may be had when wished. Naturally, a broad base is a protection against the jack sinking and against its tilting under weight imposed upon it.

It seems to us that appellant may have misunderstood the exact theory underlying the decisions of the respective tribunals of the Patent Office. We do not understand their rejection to be based simply upon the showing of the extensible feature of the fishing rod and the provision of a broader base for the automobile jack. Both tribunals seem to us to have held, in effect, that the features claimed to be novel are not in fact novel but are scientific necessities—or, at least, scientifically desirable and well known to those skilled in the art—and the particular patents were cited as being illustrative of the adaptation of well known scientific principles to practical uses.

Thus, the Primary Examiner says: "The features relied on in Poehls and Palmer apply to machines generally. An adequate supporting structure is desirable in all machines and not merely in orange juicers. It is not a problem which is peculiar to an orange juicer. So, also, the operating handle of Palmer is capable of general application. Thus, the features of alleged novelty in the appealed claims are not peculiar to a fruit juicer, but are of general application."

It is true that the Primary Examiner, citing In re Kylstra, 87 F.2d 487, 24 C.C.P.A., Patents, 938, further says: "If the elements and purposes in one art are related and similar to those in another art to such an extent as to make an appeal to the mind of a person having mechanical skill

or knowledge in the second art, the two arts must be said to be analogous."

The board, while affirming the decision of the Primary Examiner, does not expressly rule upon the contention respecting analogous art, but it does say: " * * * Moreover, even were Poehls and Palmer to be considered non-analogous art, we see in the use or adoption from such art [of] the features herein under consideration only an obvious exercise of ordinary mechanical skill, and such use would not amount to any invention."

■ The board cites the case of In re O'Connor, 161 F.2d 221, 222, 34 C.C.P.A., Patents, 1055, 603 C.G. 194, wherein this court speaking through Jackson, Judge, said: "Even though it should be held that the * * * [reference] patents are in non-analogous art, nevertheless their disclosures may not be ignored. There would still be no invention in the method claimed in one art if it were within the exercise of the skill of the worker in that art to make use of a [the] method in a non-analogous art. Potts v. Creager, 155 U.S. 597, 15 S. Ct. 194, 39 L.Ed. 275, cited with approval in Re Kylstra, 87 F.2d 487, 24 C.C.P.A., Patents, 938."

■ Without expressing any view upon the question of non-analogous art, as here presented by appellant, we are of opinion that the rule laid down in the O'Connor case, supra, is directly in point in this case and that the decision of the board should be affirmed.

It is so ordered.

Affirmed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.