40 C.C.P.A.(Patents)
### Application of ZALKIND.
### Patent Appeals No. 5981.

United States Court of Customs and Patent Appeals.

June 17, 1953.

Rehearing Denied Sept. 28, 1953.

Albert M. Zalkind, Washington, D. C., for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON, Judges.

WORLEY, Judge.

Philip Zalkind appeals here from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner in finally rejecting claim 20 in appellant's application for a patent for "Expanded Sheet and Method for Making Same." In rejecting the claim, the tribunals of the Patent Office held the limitations disclosed therein to be unpatentable over the prior art, and also as being ambiguous and inaccurate. Five claims were allowed.

The rejected claim reads as follows:

"20. A method of forming an expanded sheet comprising the steps of making a plurality of rows of spaced slits therein, slits in each row being staggered with respect to slits in adjacent rows; and locally compressing the material at the ends of each slit wherein said compressed areas are in alignment with respective slits and spaced from adjacent slits, to angularly diverge the sides of said slits at each end thereby, whereby substantially diamond-shaped openings are effected."

The cited prior art is: Doran, 964,624, July 19, 1910; Connell, 1,733,778, October 29, 1929; Dougherty et al., 1,759,481, May 20, 1930; Cumfer, 1,777,076, September 30, 1930; Balfe, 2,011,563, August 20, 1935.

In describing his invention, appellant states

"The invention is in a method of expanding sheet material by slitting the sheet in such a manner that the slits appear in rows, the slits in each row being

in alignment, and being staggered with respect to the slits in adjacent rows. * * * There are intermittent areas of unslitted material joining the ends of aligned slits, which areas are bounded by the slits of the adjoining rows. The appellant's method of expanding the sheet is by compressing these intermittent areas.

"A slitted sheet per se, * * * is generally conventional and may be expanded by various stretching and pulling methods and means heretofore known in the art. The appellant's method of forming the expanded sheet is novel and based on the discovery that if pressure be applied in the area at the ends of the aligned slits, * * * the sides of the slits diverge bodily, * * * and the sheet is thus expanded.

"Various modifications of the basic concept of merely compressing the localized areas such as by providing hollow or solid blister formations in these areas * * * are described in the application. The claims allowed by the Examiner and by the Board of Appeals are all limited to the use of some type of blister or formation in the area to be compressed. * * *"

Appellant adds that "Claim 20 is not thus limited to the use of raised formations but covers the basic concept for the method of forming an expanded sheet by merely applying localized pressure at the ends of the slits * * *."

Appellant further states that his invention is not restricted by its terms to sheet metal but can also be applied to sheets of other compositions, including fibrous material.

The patent to Dougherty et al., on which the board seems to have relied principally in affirming the decision of the examiner, relates to a method of making an expanded sheet by providing a blank with raised formations, slitting the blank in aligned, parallel, staggered rows, and compressing the raised formations to expand the sheets.

The patent to Cumfer teaches a method of making an expanded fibrous sheet by providing a plurality of spaced slits and then compressing the blank locally at the ends of the slits in order to expand the sheet.

The examiner held that claim 20 differed from the method as taught by Dougherty et al. only in two functional recitations of results; viz., "wherein the compresed areas are spaced from adjacent slits" and "whereby substantially diamond-shaped openings are effected," and observed further that in the absence of positive recitations of a patentably novel method step or steps, mere functional statements of result cannot be relied upon to predicate patentability. He also observed that no invention was involved by eliminating compression of the sheet at the points between the ends of the adjacent slits of Dougherty et al. because Cumfer taught that step to be old, and also because such a substitution would not affect the result of the Dougherty et al. method. It was also his view that because the elongated compressed areas of Dougherty et al. served the same function as that provided by the compressed areas recited in the instant claim, the compression as taught by Dougherty et al, was fully equivalent to that recited in the involved claim.

In affirming the decision of the examiner, the board stated

"We are constrained to agree with the Primary Examiner that the positive steps, recited in the claim, are taught by Dougherty et al. With respect to the steps, that the material is compressed at the ends of the slits, the method, as recited, does not preclude compressing the material at locations other than at the ends of the slits. Furthermore, we are of the opinion, that even if the method recited in the claim was limited to compressing the material *only* at the *ends* of the slits, it would not patentably differentiate over the procedure disclosed by Dougherty et al., in view of the fact that they appear to obtain substantially the same results as appellant obtains by his method. We are not impressed with appellant's inference that the Dougherty et al. patent is directed to nonanalo-

gous art. Both Dougherty et al. and appellant disclose using their methods in the metal working art. However, even if appellant's inference was correct, we still could not ignore the Dougherty et al. disclosure in view of the rule by the Court in In re O'-Connor, 161 F.2d 221, 34 C.C.P.A., Patents, 1055, that: 'there would still be no invention in method claimed in one art if it were within exercise of skill of worker in that art to make use of a method in a non-analogous art', as we are of the opinion that any skilled artisan could apply the Dougherty et al. method to sheet material, such as appellant uses. The rejection will be sustained.

"Claim 20 stands further rejected as being ambiguous and inaccurate. * * *" (Italics quoted.)

While we cannot say we are in complete agreement with the view of the board that the method as recited in the claim does not preclude compressing the metal at locations other than at the ends of the slits, we are in agreement with its conclusion that even if the method recited in the claim were actually limited to compressing the metal only at the ends thereof, it would not patentably differentiate over the procedure of Dougherty et al. because both methods obtain substantially the same results. Furthermore, the Cumfer reference shows that it is old to compress the blank to be expanded by pressure at the ends of the slits.

We are likewise in accord with the board that the invention involved in Dougherty et al. is not in such a remote or nonanalogous field as to properly preclude its use as a reference. It seems clear that both Dougherty et al. and appellant use their methods in the metal working art, and appellant's reference to fibrous material is likewise met by the Cumfer patent.

During the oral argument before us, we were impressed with the contentions advanced by appellant that claim 20 involved invention. However, a careful examination of the two principal references convinces us that the disclosures in those references are such that the claim cannot properly be held to involve exercise of the inventive faculty. For example, one of the claims in the Dougherty et al. patent, which appears to give broad patent protection, reads as follows:

"27. A process for producing open-work in metals including the steps of providing a plurality of scored, weakened places in a blank, mechanically working the metal between weakened places to reduce the thickness of the metal to different degrees transversely of the direction of lengthening, thereby to elongate the metal between the weakened places to different degrees and thus develop the weakened places into openings."

That claim may be compared with the involved claim and in its breadth be seen to include the limitations of appellant's claim 20.

Dougherty et al. relate their invention "to the production of open-work in metal by providing slits or other restricted openings in the metal and then so mechanically working the metal between the slits as to open up or develop the openings." The patent also teaches the application of "compression forces directly to the metal of the slitted portions to develop the openings" and to "obtain the well known ameliorating effects of mechanical working." The patent defines the term "mechanical working" as "rolling, forging, pressing, or any equivalent kneading-like manipulation to reduce and lengthen the metal." They also state that their invention "consists of providing slits, openings, scorings, or weakened places in a portion of a metal blank and then so mechanically working the blank or parts thereof, including at least a substantial fraction of the portion containing the openings, as to elongate the metal of said portion to different degrees whereby the open-work is developed."

While the Patent Office concedes that, as asserted by appellant, Dougherty et al. *may* include in their more specific aspects the rolling while hot of a slitted blank to develop the open-work steel structure and that the several blanks shown by Dougherty et al. may vary "in thickness of cross section in a plane parallel to the axes of the rollers," those are not essential features of

that invention. Dougherty et al. specifically state that the obtaining of "different degrees of elongation of the metal between the slits in a body, for the purpose of opening them up, * * * is not dependent upon such metal being of different thicknesses," and also disclose that rolling is but a preferred mode of mechanical reduction, and that even when rolling is employed, several passes are not required.

Likewise, it also seems to us that the first claim of the Cumfer reference is quite pertinent.

1. A process which comprises acting on a sheet of flexible fibrous material to produce spaced slits therein, and applying sufficient pressure to said slitted sheet immediately adjacent said slits to expand and lengthen the sheet and produce apertures therein bounded by the opposed edges defining the slits.

Cumfer emphasizes that "the invention broadly contemplates acting upon a sheet to produce spaced slits or incisions therein, and thereafter applying sufficient mechanical pressure immediately adjacent the slits to expand and lengthen the sheet and form slots or apertures bounded by the edges defining the slits."

It seems to us that what is done in that patent brings about substantially the same result as is claimed here and that the method of the patent is broad enough to include the compressing of material at the ends of each slit, as set out in the claim. That conclusion is supported by the statement in appellant's brief that "The material at the ends of the slits [in Cumfer] is compressed whereby the slits expand * * *."

The allowance of five claims by the Patent Office is ample evidence that invention lay therein, but it is our belief that the rejection of claim 20 on the references cited was proper. In view of that conclusion, it is not necessary to discuss the second ground of rejection.

The decision of the board is affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to sit and participate herein in place of GARRETT, Chief Judge.