41 C.C.P.A.(Patents)

**Application of PEDLEY.**

**Patent Appeal No. 6044.**

United States Court of Customs and Patent Appeals.

April 9, 1954.

Everett N. Curtis, San Diego, Cal., Emory L. Groff, Washington, D. C., for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON, Judges.

JACKSON, Judge.

The appellant sought a patent for Flower Protective Shields by filing his application therefor, Serial No. 777,513, dated October 2, 1947.

His claims, two in number, were finally rejected by the Primary Examiner, which rejection was affirmed by the Board of Appeals of the United States Patent Office; hence the appeal to this court. The rejected claims read as follows:

"8. A protective covering for blooms of the Strelitzia family consisting of an elongated rectangular flat waterproof envelope of waterproof sheet material, said envelope having only two sides, said sides being directly and permanently connected to each other, said envelope being permanently closed at one end and open at the opposite end, the hollow of the envelope conforming in size and shape to that of a flower bloom of the said family to be disposed therein, the end edge of one of said sides extending over substantially its entire width beyond the end edge of the other of said sides at the open end of the envelope to form a continuous extended unobstructed guide lip for spreading the sides of the envelope apart at the open end and for introducing the end of said bloom into the hollow of the envelope.

"9. A protective covering as defined by claim 8 in which the waterproof sheet material is transparent."

It is stated in the application that the sought invention relates to flower protective shields, particularly as applied to coverings of the Strelitzia family, the blooms of which are commonly known as "Birds of Paradise." The shields were stated to be used as a housing and safeguard for each individual spike of the flower beginning with the growing period shortly before the first bud begins to emerge from its sheath and continuing thereafter to protect the bud or bloom from harmful parasites and also from the deleterious effect of fungus, which it is said breeds and discolors, spotting the bloom and rendering it unsalable. Another object of the alleged invention is to keep the bloom from contact with the rays of the sun and hold it covered to keep its original coloring until it reaches the customer. It also is designed to protect the bloom from the ravages of birds and, by reason of its use, renders the bundling and packaging of the blooms in smaller boxes possible, thus preventing breakage in handling during shipment.

The claims were rejected as being unpatentable over the following prior art:

Starr 383,327 May 22, 1888; Goellner (France) 765,392 Mar. 26, 1934; Poppe 2,007,661 July 9, 1935; Poppe 2,009,411 July 30, 1935; Wolf 2,215,989 Sept. 24, 1940; Avery et al. 2,305,402 Dec. 15, 1942.

The Starr patent relates to an envelope for protecting grapes while they are maturing. The envelope or covering is waterproof, being of parchment or parchment paper or paper treated with paraffine or other suitable translucent or water-proof materials.

The Goellner patent relates to improvement in protective bags for fruit. The object of the invention is to prevent the damage that might be caused by insects. It is stated that covering fruit prior to reaching maturity with bags of water-proof material, such as translucent paper, already was known but such bags, it is said, while protective for the fruit from damages caused by insects, do not prevent action of the sun's rays for the reason that they do not absorb ultra-violet radiation.

The Poppe reference, 2,007,661, is concerned with a Dustproof Carry Bag. It discloses the manner of folding the tube section of the bag so as to make it practically dustproof and comprises a tab on the bag lip.

The Poppe reference, 2,009,411, is for a Paper Bag Closure. It is stated that the patent provides for a closure device in a bag having front and back walls and a closing flap by which the front and back walls are locked together and in which the front wall is locked to the flap or in which both walls are locked to the flap.

The Wolf patent relates to what is called "new and useful improvement in paper bags," which are generally open at one end and which enclose a foldable flap extending beyond the open end of the bag and particularly to an improved bag construction having juxtaposable gummed areas on the bag body near the open end and on the flap.

The Avery et al. reference relates to a Foldable Container. Open mouthed containers of paper or other foldable stock are disclosed, the sealing of which is designed to protect the contents of the container against deterioration and insures that they may be readily opened without loss.

The involved claims were rejected as being unpatentable over either of the Poppe references or the patents to Wolf or Avery et al. in view of the Starr or Goellner references.

The Avery et al. patent was considered by the examiner as being exemplary of the primary references. It may be noted that the disclosure of that patent is for a flat envelope-type bag of folded paper with a projecting lip. While the lip, as well as the cooperating part of the bag, each have an adhesive-coated area for sealing, it was the examiner's position that to omit such adhesive and its function would not involve invention. The examiner observed that the device of the Starr patent discloses the use of translucent water-proof material of any desired shape and held that it did not involve invention to form the bag of the Avery et al. device of translucent water-proof material to cover a plant bloom in view of the teachings of the Starr reference. That reference discloses a lip which extends over substantially the entire width of the enclosure beyond the end of the other sides at the open end of the envelope.

Counsel for appellant contends that the primary references are from non-analogous art, pointing out that no one of them has anything to do with protecting the bloom of Strelitzia. Neither of the tribunals below appeared to be impressed with such a contention and we are in agreement with them in the thought that the naming of a particular article to be protected cannot of itself involve patentability and that, furthermore, the protecting device, as defined by the claims, is merely an envelope or container, as are the devices of the primary references. In re O'Connor, 161 F.2d 221, 34 C.C.P.A., Patents, 1055.

Counsel for appellant further contends that the devices in any of the references are not concerned with the protection of blooms, much less the use of water-proof translucent bags for that purpose, and that none possess unobstructed lips as defined in the involved claims.

It is clear to us that both the Starr and Goellner patents teach protection of growing things while maturing. The Starr device obviously taught the use of bags or containers of translucent water-proof material for such purpose.

We are in agreement with the tribunals below that the omission of so-called

obstructions on the lips of the bags shown in the references would amount merely to the omission of an element and its function, but would not amount to invention. There is no unobvious or unexpected result following from such an omission. Furthermore, the Poppe reference 2,007,661 shows that it is old to provide flat paper bags with offset walls or lips and to leave the bag open for inspection of the contents.

Unquestionably the appellant has a very useful device and the commercial success in the sale thereof is considerable. Nevertheless, we cannot, after due consideration, state that there is any doubt in the instant case and, therefore, the affidavit is ineffectual.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, Judge, retired, sat in place of GARRETT, Chief Judge.