42 C.C.P.A. (Patents)

**Application of Bernard HARMON.**

**Patent Appeal No. 6116.**

United States Court of Customs
and Patent Appeals.

May 25, 1955.

Robert I. Dennison, Washington, D. C. (Samuel J. Stoll, Jamaica, N. Y., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the holding of the Primary Examiner rejecting as unpatentable over the prior art claims 19 through 22, the only remaining claims in appellant's application for a patent on a "Rotary Hot Wax Spot Carbon Coating Machine and Method."

The alleged invention relates to a machine which is used to apply carbon coating to limited areas of continuous lengths of paper. It appears that the resulting product is a type of carbon paper which has only select portions thereof coated with carbon. The machine broadly consists of a supply reel which has a roll of paper positioned thereon; a take-up reel for receiving the paper; a plurality of intermediate rollers around which the paper passes en route from the supply reel to the take-up reel; and a printing roller for transferring carbon ink to the paper. The intermediate rollers consist of tensioning rollers for the paper, and a backing roller which backs the paper during the actual printing process. The printing roller is in contact with an inking roller which has a portion thereof submerged in a pan of carbon ink. As the printing roller rotates, the inking roller will also rotate and continuously supply the printing roller with the ink, the printing roller in turn applying the ink to that portion of the paper which is pressed between it and the backing roller. It is stated in the specification that the printing roller constitutes the heart of the invention. More specifically, the printing roller consists of resilient blocks of material, such as rubber, having any desired shape which are secured to the printing roller by any suitable method. It is these blocks which transfer the ink from the inking roller to the paper. The printing roller is heated to maintain the ink at the required degree of fluidity. The alleged inventive concept apparently is that the blocks can be stripped from the roller and be replaced by other blocks of any desired shape to meet the requirements of any particular job.

Appealed claims 19 through 22 read as follows:

"19. In a rotary hot wax spot carbon coating machine, a heated printing roller having a printing block of uniform thickness secured thereto.

"20. In a rotary hot wax spot carbon coating machine, a heating printing roller having a printing block of uniform thickness secured thereto, said printing block being

made of resilient material and being detachably secured to said heated roller.

"21. In a rotary hot wax spot carbon coating machine, a heated printing roller having a printing block of uniform thickness secured thereto, an inking roller mounted adjacent said printing roller for engagement with said printing block, a pressure roller also mounted adjacent said printing roller, also for engagement with said printing block, a paper roll mounted on one side of the printing roller, a second paper roll mounted on the opposite side of the printing roller, and a continuous sheet of paper connecting the two paper rolls and extending between the printing and pressure rollers, all of said rollers and the two paper rolls being mounted for rotation so as to feed the continuous sheet of paper from the first paper roll to the second paper roll and to roll the printing block first into engagement with the inking roller and then into engagement with the paper, against the pressure of the pressure roller.

"22. In a rotary hot wax spot carbon coating machine in accordance with claim 21, a printing block which is made of rubber and which is detachably secured to the heated printing roller."

The references relied on are: Allen, 596,564, Jan. 4, 1898; McManus, 1,740,697, Dec. 24, 1929.

The Allen patent is for "Mechanism For Providing One End Of Wrappers For Cigarettes With Coating Material For Mouthpieces." In this device, a continuous strip of paper is passed from a supply source to a cigarette making source. Intermediate these sources is a printing roller which has ribs formed thereon. This printing roller co-acts with another roller which is partially submerged in a bath of heated coating material, the latter roller applying coating material to the ribs of the printing roller. The paper to be coated passes between the printing roller and a backing roller. The ribs of the printing roller intermittently contact the paper strip to apply coating material to select areas thereof. It is stated in the patent specification that the rollers may be of any suitable material such as rubber, brass, or other metal which will take the melted coating material from the reservoir and properly convey and apply it to the paper strip. It is also stated that the printing roller may be heated.

The McManus patent relates to a "Tin Plate Spotting Machine." The function of the device is to apply spots of cement to a sheet of metal which passes between a backing roller and a cement applying roller. The cement applying roller consists of disc shaped rubber spotting elements formed integrally with, or cemented to, a backing which is preferably made of rubber, said backing being removably attached to the cement applying roller. A distributing roller is adapted to supply cement to the spotting elements which in turn apply the cement to the metal sheet.

The examiner rejected claim 19 as being unpatentable over Allen, stating that the ribs of Allen are of a uniform thickness since their outer surfaces form a part of a cylinder of revolution. He further stated that since the ribs are integral with the roller, they are secured thereto. The examiner rejected claims 20, 21, and 22 as being unpatentable over Allen in view of McManus, stating relative to claim 20 that no invention is seen in substituting the removable blocks of McManus for the fixed blocks of Allen insofar as this structure is defined by the claims. Relative to claims 21 and 22, the examiner stated that to wind up the coated paper of Allen, rather than to put it to use, would not involve patentable invention.

The Board of Appeals sustained the examiner's rejection of the appealed claims and rejected appellant's argument that removably securing the printing blocks to the printing roller was a patentable feature. The board stated that it was a matter of choice well within

the skill of the art whether the ribs of Allen were formed integrally with the cylinder or were secured thereto by appropriate means. The board also rejected appellant's contention that the appealed claims distinguish over the references since neither of them deal with a rotary hot wax carbon coating machine. In this respect the board stated that the introductory recitation, "In a rotary hot wax spot carbon coating machine," does not patentably distinguish the claims over the art cited by the examiner.

■ We have carefully reviewed the record and briefs and have come to the conclusion that the decision appealed from must be affirmed.

■ It is a well-settled principle of patent law that the claims constitute the measure of protection sought. In re Jurgeleit, 194 F.2d 120, 39 C.C.P.A., Patents, 794. Therefore, the claims, in order to be allowable, must define an invention. In the present case, although the claims recite subject matter not disclosed in the prior art, they do not define any features which are inventive over the prior art and are therefore not allowable, In re Bisley, 197 F.2d 355, 39 C.C.P.A., Patents, 982, for reasons set forth in detail hereafter.

■ The claims contain the preamble. "In a rotary hot wax carbon coating machine." However, this limitation is in the preamble only and therefore does not patentably distinguish the claims over the art. In re Hooker, 175 F.2d 558, 36 C.C.P.A., Patents, 1164. Furthermore, the portion of the claim following the preamble is a self-contained description of structure not depending for completeness upon the introductory clause; therefore, the introductory clause is not a patentable limitation. Kropa v. Robie, 187 F.2d 150, 38 C.C.P.A., Patents, 858. We cannot see how the preamble of the claims causes them to be patentable over the references since it merely recites a machine which is to be used for applying one specific coating, carbon wax, whereas the cited references teach the applying of other coatings. Therefore

the contention of appellant that the patents are from non-analogous arts cannot be sustained since both the references and application relate to the coating art. Even assuming arguendo that the references are from non-analogous arts, as contended by appellant, it has not been shown, and we do not believe, that there is any invention in making use of non-analogous art in the environment claimed. In re Mariani, 177 F.2d 293, 37 C.C.P.A., Patents, 740. We must therefore agree with the board's holding that the preamble of the claims does not patentably distinguish them over the cited art.

Relative to the structural recitations in the claims, it certainly appears to us that the printing surfaces of the references are of uniform thickness, as pointed out by the examiner. Both references teach the use of printing "blocks" or surfaces of resilient material. The spotting elements (blocks) of McManus are detachably secured to the roller, and the roller of Allen is heated. We are of the opinion that the examiner was correct in holding that there was no invention in substituting the removable blocks of McManus for the fixed blocks of Allen, since it is well settled that prior patents can be combined for the purpose of anticipating claims, In re Delancey, 177 F.2d 377, 37 C.C.P.A., Patents, 760, when they suggest doing the thing that appellant has done. In re Fridolph, 134 F.2d 414, 30 C.C.P.A., Patents, 939. That the references would have suggested doing what appellant has done to anyone skilled in the art seems beyond doubt since both references relate to coating, and McManus is primarily concerned with roller construction for coating.

It is to be noted that claim 21 recites a roller to which the printed paper is fed and upon which it is wound. The Allen reference does not show this feature, since the printed paper is fed directly to a cigarette-making machine. However, we feel, as did the examiner, that the winding up of the coated paper of Allen rather than the putting it to use would not involve patentable inven-

tion since it is an arbitrary change well within the skill of the art. The recitation of structure in the claims for accomplishing a non-inventive function will not cause the claims to be patentable over the prior art notwithstanding that these non-inventive features are not shown in the prior art. In re Bisley, supra.

We have carefully considered appellant's contentions, but are of the opinion that the decision appealed from should be affirmed in all respects.

Affirmed.