## WILLIS v. TOWN et al.
### No. 14111.

United States Court of Appeals
Eighth Circuit.
June 27, 1950.

See also D.C., 89 F.Supp. 437.

Gordon D. Schmidt, Kansas City, Mo. (C. Earl Hovey, Kansas City, Mo., on the brief), for appellant.

A. D. Caesar, Philadelphia, Pa. (C. W. Rivise, Philadelphia, Pa., Abraham E. Margolin, Edward A. Smith, Kansas City, Mo. and Caesar & Rivise, Philadelphia, Pa., on the brief), for appellees.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This case involves the validity, and the alleged infringement of Claim 1, of United States Letters Patent No. 2,392,513 issued to Edward W. Town on January 8, 1946, upon an application filed April 8, 1942, for a "Cushion for Artificial Dentures."

The appellees are, respectively, the owner and the exclusive licensee of the patent. As plaintiffs they brought this action for infringement against the defendant (appellant), who makes and sells a cushion for artificial dentures which differs in no controlling respect from that made and sold by the plaintiffs in alleged conformity with the patent. The defenses were those usual in such cases: anticipation, lack of invention, indefiniteness of specifications and claims, and noninfringement. The issues were tried to the court. It determined that the patent was valid and that Claim 1 was infringed. D.C., 85 F.Supp. 483, 487. From a judgment in favor of the plaintiffs, the defendant has appealed.

Claim 1 reads as follows: "A cushion for an artificial denture comprising a piece of sheet material cut to the form of the denture and inserted between the denture and the gum, said material being impregnated with a non-soluble wax composition which is plastic but which does not melt at body temperature."

The inserts or cushions made by the plaintiffs and those made by the defendant are cut or stamped out of flannel which is impregnated with paraffin, a non-soluble wax composition which is plastic but which does not melt at body temperature. Since it is the law that "if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape" (Machine Co. v. Murphy, 97 U.S. 120, 125, 24 L.Ed. 935; Graver Tank & Mfg. Co., Inc. v. Linde Air Products Co., 339 U.S. 605, 70 S.Ct. 854), the plaintiffs' device and that of the defendant are identical.

In determining whether an accused device or composition infringes the claim of a patent, resort must primarily be had to the words of the claim. If the accused matter comes clearly within the claim, infringement is established. Graver Tank & Mfg. Co., Inc. v. The Linde Air Products Co., supra. Since Claim 1 of the patent in suit reads upon both of the devices involved, the defendant is an infringer if the patent is valid.

We think that the alleged discovery or invention of Town was sufficiently described and claimed by him so that one skilled in the art would understand it, would know how the patented device was to be made and used, and would be advised as to the scope of the claims.

It is conceded that the patented device is meritorious and useful. Gums shrink and change their contours. Artificial dentures do not. Ill-fitting dentures are uncomfortable and often painful. The problem of providing a satisfactory means of making artificial dentures comfortable and painless is apparently as old as are artificial dentures. The parties stipulated at the trial that: "There is a distinct need for devices to be placed between the gum and the denture of the wearer thereof and Plaintiff's such devices are highly useful, have been commercially successful, have met with the approval of the public, and serve to satisfy such need. Since June, 1944, Plaintiff has sold more than five million (5,000,000) of such devices."

The controlling question in this case is whether there is an adequate evidentiary basis for the finding of the trial court that Town's contribution toward solving the problem of providing a satisfactory cushion to be inserted between the gums and artificial dentures constituted invention.

■■ Whether an improvement involves only mechanical skill or the exercise of the faculty of invention is a question of fact, and a finding either way upon that question is, under Rule 52(a) of the Federal Rules of Civil Precedure, 28 U.S.C.A., conclusive upon appeal unless clearly erroneous. Trico Products Corporation v. Delman Corporation, 8 Cir., 180 F.2d 529, 530 and cases cited. This means that if, under the evidence and the applicable law, there is room for doubt as to whether a patent involves invention or mere mechanical skill, a finding of the trial court upon that issue will not be disturbed upon appeal. It does not mean that a finding by a trial court that a patent involves invention, when the contrary clearly appears, is in any sense conclusive. Alemite Co. v. Jiffy Lubricator Co., 8 Cir., 176 F.2d 444, 445.

■ It is necessary to determine whether Town's contribution constituted a sufficiently substantial advance over the prior art to support a finding that the contribution involved invention. Town met with difficulty in the prosecution of his application in the Patent Office. He originally applied for the allowance of six claims. They were all disallowed by the Examiner on the ground that they showed no patentable advance over the prior art patents of Rowe No. 1,917,902, Edward W. Town No. 2,-092,097, or Seguier-Brown (British Patent) No. 460,887.

The Rowe patent No. 1,917,902 was granted in 1933 for a "Holding Means for Artificial Dentures." Rowe's solution of the problem was to use a fabric insert or cushion impregnated with a soluble gum (gum tragacanth) which would become viscous when moist and was intended to bind the denture to the mouth. The Edward W. Town patent No. 2,092,097, granted in 1935, was for a "Lower Denture Retaining Device," consisting of a thin sheet of padded, felted, or molded cotton fabric, cut and formed to the shape of the gum, to be inserted between the lower denture and the lower gum, for a cushion and a seal. The Seguier-Brown patent (Br.) No. 460,887, granted in 1937, was for a cushion or packing situated in the groove of the denture which fits over the gums, to be made of a suitable material, preferably in the nature of wool, natural or artificial, either dry or "impregnated with a suitable adhesive and/or disinfectant."

Town finally abandoned the claims of his application, excepting Claims 5 and 6. Claim 5, with an amendment, eventually became Claim 1 of the patent in suit. The Examiner disallowed Claims 5 and 6, and Town appealed to the Board of Appeals. The Examiner, in his statement to the Board relative to the reasons for the rejection of Claims 5 and 6, after saying that "The art does not teach the use of wax to impregnate the fabric," said: "It is believed that Claims 5 and 6 are unpatentable over any one of Town, Rowe or Seguier-Brown. The mere substitution of a common dental wax known to and used universally by dentists and dental laboratory technicians for the gums taught in the references, as the impregnating material for the fabric is not believed inventive. This is believed an obvious substitution of materials." The Board of Appeals decided that the rejected claims were not met by the art cited by the Examiner, and that Claim

5 of the application was allowable if the words "non-soluble composition" were amended to read "non-soluble wax composition." This amendment was made, and Claim 5 of the application, as so amended, is Claim 1 of the patent in suit.

The defendant contends that much applicable prior art was overlooked by the Patent Office, and he produced at the trial a number of prior art patents which it is contended indicate that the patent in suit lacks patentable novelty. We shall not attempt, in this opinion, to analyze these patents, since we think that none of them teaches that a fabric impregnated with a non-soluble wax composition which is plastic but will not melt at body temperature, makes a satisfactory cushion for artificial dentures. It seems apparent from the record that those working in that particular field and endeavoring to solve that specific problem were directing their efforts toward finding some substance for impregnating the fabric which would cause adhesion between the artificial denture and the gums. It is true that as early as 1865 a patent to Gwynn, No. 46,466, showed that cloths should be impregnated with a heated composition of paraffin and rubber or gutta-percha, or other gums, so as to render them water-proof and to make them an economical substitute for leather. However, there is nothing in the Gwynn patent which contains any suggestion that his impregnated cloths could be used as a cushion for artificial dentures.

It is, no doubt, true that fabric cushions or inserts for artificial dentures were old prior to 1942 and that the use of wax for taking impressions of gums or teeth and for making temporary dental plates was also old and well known. The fact remains, however, that no one before Town, so far as the record shows, had pointed out or demonstrated that the fabric cushions or inserts for artificial dentures shown by the prior art, if impregnated with a tasteless, non-soluble wax which was plastic but would not melt at body temperature, would be a substantial improvement over any cushions or inserts then available.

The simplicity of the plaintiffs' device does not negative invention. Good-

year Tire & Rubber Co., Inc. v. Ray-O-Vac Co., 321 U.S. 275, 279, 64 S.Ct. 593, 88 L.Ed. 721; Charles Peckat Mfg. Co. v. Jacobs, 7 Cir., 178 F.2d 794, 801, and cases cited; Standard Oil Development Co. v. Marzall, D.C.Cir., 181 F.2d 280, 282. Taking into consideration the presumption of validity which attends the grant of the patent, the age of the problem upon which Town was working, the reception which the patented device received from the public as evidenced by its commercial success, the conceded need for some such device, the inferences which reasonably may be drawn from the fact that the defendant imitated the device, Charles Peckat Mfg. Co. v. Jacobs, supra, page 801 of 178 F.2d, and that he obviously regarded such a device as patentable (as is indicated by his application for a patent on the accused device, filed in December, 1944), we think that the findings of the District Court that the patent in suit was valid and that Claim 1 was infringed, were not "clearly erroneous."

The judgment appealed from is affirmed.