**WEIL–KALTER MFG. CO. v. SEL–MOR GARMENT CO. et al.**

No. 14608.

United States Court of Appeals Eighth Circuit.

June 29, 1953.

Lawrence C. Kingsland, St. Louis, Mo. (Edmund C. Rogers, Estill E. Ezell, and Kingsland, Rogers & Ezell, St. Louis, Mo., on the brief), for appellant.

Lawrence H. Cohn, St. Louis, Mo. (Milton Yawitz, Robert B. Terry, Rassieur, Long & Yawitz and Terry & Cohn, St. Louis, Mo., on the brief), for appellees.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The Weil-Kalter Manufacturing Company, of St. Louis, Missouri, a manufacturer of women's garments, brought this action against the Sel-Mor Garment Company, a competitor, and Herman C. Seldin, its President, upon the claim that the defendants (appellees) had, by making and selling a certain type of women's undergarment, infringed United States Patent No. 2,327,662, issued to the plaintiff (appellant), as assignee of Loretta Novy, on August 24, 1943, upon an application filed by her November 26, 1942. The usual defenses were asserted,—anticipation, want of patentable invention, and noninfringement. The issues were tried to the District Court. It determined that the patent was invalid for want of invention. This appeal followed.

■ The determination of the trial court that the patent was void for want of invention is binding upon this Court unless "clearly erroneous." Warden v. City of St. Louis, Mo., 8 Cir., 140 F.2d 615; Miller v. Tilley, 8 Cir., 178 F.2d 526; Trico Pro-

ducts Corporation v. Delman Corporation, 8 Cir., 180 F.2d 529, 530 and cases cited; Willis v. Town, 8 Cir., 182 F.2d 892, 894; Smith v. Dravo Corp., 7 Cir., 203 F.2d 369, 380.

■ The patent in suit relates to "improvements in women's garments, and more particularly to an undergarment referred to as a slip." The patent has only one claim, which reads as follows:

"In a slip or like garment, a skirt portion and an upper portion, comprising a front skirt panel having a lower edge, lateral edges and an upper edge, the panel being narrower at its upper part than at its lower part, and having a width to extend around the sides of the garment into the rear thereof, to dispose its lateral edges at the rear of the garment, the upper edge of the front skirt panel extending at least as high as the waist of the garment, and at its front middle portion extending upwardly above the waist toward the top of the garment and converging into substantially a point, the front panel being cut on the straight at its middle front part, a rear skirt panel cut on the bias, said rear skirt panel having lateral edges joined to the lateral edges of the front skirt panel, and an upper edge extending upwardly at least as high as the waist of the garment, a pair of rear upper sections joined together at the middle of the back and each extending laterally from the junction, and disposed on the bias, the said rear upper panels being secured at their bottom edges to the upper edge of the skirt portion, and having outer lateral edges extending upwardly therefrom, a pair of breast panels cut on the bias, each breast panel being secured to the outer lateral edge of a corresponding rear upper panel, and to the upper edge of the front panel including the converging portion thereof."

What the patent covers is a form-fitting slip which will stretch sufficiently to be pulled on and off over the head of the wearer, but which has an inelastic front to the skirt to prevent its riding up when the wearer is seated. It might perhaps be characterized as a pull-over, form-fitting, streamlined, nonclimbing slip. The necessary stretchability is obtained by using at the rear of the skirt a panel of material cut on the bias, and by making the panels of the upper portion or the bodice of the slip of material also cut on the bias. As a result of the arrangement of the panels, the bodice is stretchable, the rear panel of the skirt is stretchable, and the front and sides of the skirt are nonstretchable.

The Novy slip is unquestionably a good undergarment. It has met with public acceptance, and in the hands of the plaintiff has achieved great commercial success. However, the women's undergarment art, including that which pertained to form-fitting slips, was, as one reasonably might suspect, an old and crowded art. Novy did not discover that material if cut on the bias was elastic and if cut on the straight was inelastic. In designing her slip she used means well known in the art, in order to make a useful and acceptable garment.

At the time Novy designed the slip described in her application for a patent, she was connected with the plaintiff as a garment designer, and was regarded by Joseph Henry Schweich, its Vice-President and General Manager, as the best slip designer in the country. Schweich himself on August 25, 1939, had applied for a patent for a form-fitting slip which could be drawn on and off over the head, and United States Patent No. 2,241,889 had been issued to him on May 13, 1941. The Schweich slip was made and sold by the plaintiff until it was superseded by the Novy slip, and was moderately successful commercially. The bodice portion of the Schweich slip was apparently the same as the corresponding portion of the Novy slip. There was a difference in the skirt portion of the Novy slip. Schweich put the bias-cut panel of his skirt in front, and the straight-cut portion of the skirt behind. The result was that when the wearer sat down the rear and sides of the skirt would not stretch, so that all of the stretching took place in the front panel. As the front panel extended laterally, the front of the skirt climbed longitudinally, which was objectionable to its wearer. The reason it climbed was obvious to anyone skilled in the art. As a practical matter, what Novy did was take the skirt of the Schweich slip and turn it around so that its

elasticity was in the rear, where it belonged and where it could do no harm, and the inelastic portion of the slip was in front. The objectionable feature of the Schweich slip was apparent, and equally apparent, we think, was the means for correcting it.

We note that in her patent application Novy originally asked for the allowance of two claims.[1] On April 8, 1943, the Patent Office Examiner wrote counsel for Novy, with respect to her application, as follows:

"This application has been examined and the following references made of record:

"Schweich   2,241,889   May 13, 1941   2–73
"Wood        2,292,982   Aug. 11, 1942   "

"Claims 1 and 2 are rejected on Schweich in view of Wood. The latter patent discloses panels and breast portions cut on the straight and bias as are applicant's portions.

"Schweich shows an arrangement of the rear panel and upper rear panels similar to those of applicant.

"No invention is involved in merely reversing the front and back panels of Schweich to resemble those of Wood.

"No claims are at present deemed allowable."

In response to this letter counsel for Novy asked that the application be amended by cancelling the two claims and adding the single claim which was allowed. In this same communication counsel also referred to what they considered to be significant differences between the slip of Schweich, the slip of Wood, and that of Novy. We think that the District Court was justified in believing that the Examiner was right in his original conclusion that the Wood slip and the Novy slip were substantially similar and that no invention was involved in substituting the skirt of the Wood slip for that of the Schweich slip.

Our conclusion is that the record in this case amply supports the determination of the District Court that the patent in suit was invalid for want of invention. As we have stated in a number of recent patent cases, the standards of originality which will sustain a patent are now considerably higher than they were once thought to be. See Alemite Co. v. Jiffy Lubricator Co., 8 Cir., 176 F.2d 444, 448–449; Miller v. Tilley, supra, page 528 of 178 F.2d; Trico Products Corporation v. Delman Corporation, supra, pages 533–534 of 180 F.2d.

The judgment appealed from is affirmed.

---

1. The following were the two claims applied for:

"1. A garment comprising breast panels formed from a double thickness of material cut on the bias, upper rear panels of material cut on the bias, a panel forming the front and sides of the skirt of material cut on the straight, and a rear skirt panel of material cut on the bias, said front skirt panel including a V-shaped extension between the breast panels, said separate parts of the garment being seamed together at their matching edges.

"2. In a garment of the class described, a bust section having all of the material cut on the bias, a front panel cut on the straight extending circumferentially to form the front and side walls of the skirt, an intermediate back panel cut on the bias having vertical edges complementary to the edges of the side portions of the front panel, said back panel being cut on the bias whereby the garment is adapted to stretch and retract circumferentially of the bust section and circumferentially of the waist section of the garment."