**ROTA-CARB CORPORATION, a New York Corporation, and Bernard Harmon, Appellants,**

v.

**FRYE MANUFACTURING COMPANY, an Iowa Corporation, Appellee.**

**No. 16877.**

United States Court of Appeals Eighth Circuit.

Feb. 19, 1963.

Samuel J. Stoll, Jamaica, N. Y., made argument for appellants and Charles F. Swisher, Waterloo, Iowa was with him on the brief.

Irvin V. Gleim, Dayton, Ohio made argument for appellee and John C. Eddy, of Whitfield, Musgrave, Selvy, Fillmore, & Kelly, Des Moines, Iowa was with him on the brief.

Before SANBORN, VAN OOSTER-HOUT and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment dismissing the complaint of the plaintiffs (appellants) in an action for patent infringement. The patent in suit, United States Patent No. 2,781,278, for a "Method of Printing Carbon Transfer Ink in a Spaced Design on Paper," was issued February 12, 1957, to Bernard Harmon upon an application filed August 13, 1952, and was thereafter assigned by him to Rota-Carb Corporation. The District Court determined that the patent was void for want of invention and was therefore incapable of being infringed by the defendant (appellee).

The issues of validity and infringement of the patent were tried to Judge Van Pelt, sitting by assignment in the Southern District of Iowa. His opinion,

determining the issues, appears in 197 F.Supp. 54. It requires no elaboration, explanation or rephrasing by this Court. The case was carefully and competently tried and decided.

■ The question whether an improvement involves mere mechanical skill or involves the exercise of the faculty of invention is, if at all doubtful, a question of fact, and a finding either way upon that question by a trial court is conclusive on appeal unless clearly erroneous. Thomson Spot Welder Co. v. Ford Motor Co., 265 U.S. 445, 446–447, 44 S.Ct. 533, 68 L.Ed. 1098; Graver Tank & Mfg. Co., Inc. v. Linde Air Products Co., 336 U.S. 271, 274–275, 279, 69 S.Ct. 535, 93 L.Ed. 672; Hall Laboratories, Inc. v. Economics Laboratory, Inc., 8 Cir., 169 F.2d 65, 66–67; Trico Products Corporation v. Delman Corporation, 8 Cir., 180 F.2d 529, 530; Weil-Kalter Mfg. Co. v. Sel-Mor Garment Co., 8 Cir., 205 F.2d 535; Steffan v. Weber Heating & Sheet Metal Co., 8 Cir., 237 F.2d 601, 602.

■■ When a trial court in a patent case has followed proper legal standards in determining the question of the presence or absence of patentable invention, its finding upon that issue, if sustained by the evidence, will not be disturbed on appeal. See and compare: Thomson Spot Welder Co. v. Ford Motor Co., supra; Trico Products Corporation v. Delman Corporation, supra; Weil-Kalter Mfg. Co. v. Sel-Mor Garment Co., supra; Steffan v. Weber Heating & Sheet Metal Co., supra. A finding that an invention is patentable, if the finding is based upon the application of improper legal standards or is not sustained by adequate evidence, is, of course, clearly erroneous. Caldwell v. Kirk Manufacturing Co., 8 Cir., 269 F.2d 506, 508–509.

■ Since we are convinced from our examination of the record on appeal that there was ample evidence to sustain the trial court's determination that the Harmon patent in suit was invalid for want of invention, we shall not discuss in detail the history of the prolonged efforts of Harmon to devise some claim or claims for a spot carbon machine or method which the patent office would regard as constituting invention and would allow.

We note that in his application for the patent in suit, Harmon said:

"This invention relates to a rotary wax spot carbon coating machine and method, and the present application is a continuation in part of my copending patent application Serial Number 165,946 filed June 3, 1950, and now abandoned."

The copending application was for a patent on a "Rotary Hot Wax Spot Carbon Coating Machine and Method." The method to be practiced as reflected by the specifications and apparatus claims in that application was, in our opinion, in all controlling and substantial respects, the same method that is claimed in the patent in suit. All of the claims in Serial Number 165,946 were rejected by the Patent Office as unpatentable over the prior art. The decision of the Board of Appeals of the Patent Office to that effect was affirmed by the United States Court of Customs and Patent Appeals on May 25, 1955, in Application of Harmon, 222 F.2d 743, 42 CCPA 921, which is referred to in the opinion of Judge Van Pelt.

■ It is difficult to understand how, after rejecting all of Harmon's claims in his application Serial Number 165,946, filed in June 1950, for a machine obviously designed to practice the method allegedly conceived by him for spot carbonization, the Patent Office concluded to grant him the patent in suit. It must be remembered that the public is a silent but an important and interested party in all patent litigation, and is entitled to protection against the monopolization of what is not lawfully patentable. Long v. Arkansas Foundry Co., 8 Cir., 247 F.2d 366, 369; Caldwell v. Kirk Manufacturing Co., 8 Cir., supra, page 508 of 269 F.2d.

The record shows that Harmon has never actually practiced his alleged invention, and has never constructed a spot carbon printing machine.

In their brief, under "Assignment of Errors," the plaintiffs particularize the errors which they charge were committed by the trial court. Since we are convinced that there was adequate competent substantial evidence to sustain the determination of the trial court that the patent in suit was void for want of patentable invention, and could therefore not be infringed by anyone, we shall not attempt to answer the various questions raised by the plaintiffs. A determination that this so-called invention of Harmon was the offspring of inventive genius, we think could not have been sustained. See and compare, Caldwell v. Kirk Manufacturing Co., supra, and cases cited on pages 508–509 of 269 F.2d. See, also, Briggs & Stratton Corporation v. Clinton Machine Co., 8 Cir., 247 F.2d 397, 401, and cases cited on page 401.

The judgment appealed from is affirmed.