The GREENING NURSERY COMPANY, Appellant,

v.

J AND R TOOL AND MANUFACTURING COMPANY, Appellee.

J AND R TOOL AND MANUFACTURING COMPANY, Appellant,

v.

The GREENING NURSERY COMPANY, Appellee.

Nos. 18426, 18427.

United States Court of Appeals
Eighth Circuit.

May 9, 1967.

Don K. Harness, of Harness, Dickey & Pierce, Detroit, Mich., for The Greening Nursery Co. and filed brief with Wendell B. Gibson of Gibson, Stewart & Garrett, Des Moines, Iowa.

Rudolph L. Lowell, Des Moines, Iowa, for J and R Tool and Manufacturing Co. and filed brief.

Before MATTHES and LAY, Circuit Judges, and MEREDITH, District Judge.

MEREDITH, District Judge.

Appellant in No. 18,426, The Greening Nursery Company, Monroe, Michigan, brought an action for an injunction and accounting for profits against appellee, J and R Tool and Manufacturing Company, Des Moines, Iowa, for infringement of United States Patent No. 2,847,-808 (hereinafter referred to as "808 patent") entitled "Tree wrapping Machine", issued to John W. Romine on August 19, 1958, and transferred to appellant. Appellee denied infringement and counterclaimed for a declaratory judgment holding the 808 patent invalid or so limited that its machine does not infringe.

Both machines are designed to rapidly package the roots of shrubs or trees in bags so that they will not dry out during shipment and/or storage prior to sale to the ultimate consumer. In order to accomplish this, the plant roots must be compacted with a preservative packing material to keep them moist, and then roots and material must be pushed into a bag by some means which avoids injurying the extending branches.

The trial court found that patent 808 was invalid under 35 U.S.C. §§ 101, 102 and 103, because two prior patents, No. 2,628,753 by Field and No. 2,393,102 by Gribner when considered together, are a complete anticipation of appellant's machine, and "[t]he differences between the 808 patent and the prior art are such that the differences would have been obvious at the time the 808 machine was designed to a person having ordinary skill in the art to which said subject matter pertains." The comprehensive opinion of Judge Hanson is reported in 252 F.Supp. 117.

Appellant bases his appeal on the contention that Field and Gribner do not constitute complete anticipation of the 808 machine and that, therefore, the trial court's findings of fact and conclusions of law are erroneous. Appellant further

complains that the presumption of validity of the patent was not overcome by appellee. Appellee filed a cross-appeal from the trial court's findings that there was infringement had he found patent 808 to be valid. These findings were not incorporated in the judgment of the trial court.

The first question to be considered by this Court is whether the trial court properly found the patent 808 to be invalid.

■■ In order to be patentable, an invention must meet the statutory standards of 35 U.S.C. §§ 101, 102 and 103, which require novelty, usefulness, and non-obviousness. If the invention is anticipated by the prior art, it is not patentable.

■■ The test for determining anticipation is whether the prior art discloses all the elements of the claimed combinations, or their mechanical equivalents, functioning in substantially the same way, to produce the same result. A mere improvement over the prior art does not rise to the level of patentability; " 'The conjunction or concert of known elements must contribute something; only when the whole in some way exceeds the sum of its parts is the accumulation of old devices patentable.' (Citations omitted.)" Kell-Dot Industries, Inc. v. Graves, 361 F.2d 25, at 28 (8th Cir. 1966).

The test as set forth in 35 U.S.C. § 103 is:

> " * * * if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. * * * "

the item is not patentable.

■ In Graham v. John Deere Co. of Kansas City, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), an Eighth Circuit case, the Court construed § 103 and explained its effect on patentability. The Supreme Court concluded that the Patent Act of 1952 was intended to codify the rule laid down in Hotchkiss v. Greenwood, 11 How. 248, 13 L.Ed. 683 (1851). This rule, in essence, is that to be patentable, an invention must evidence that the inventor had more skill and ingenuity than that possessed by an ordinary mechanic acquainted with the prior art in the area in which he is working. In Graham, at pages 17 and 18 of 383 U.S., at page 694 of 86 S.Ct., the Court said that in order to decide whether the test of § 103 has been met, the following should be used as indicia of obviousness or non-obviousness:

> " * * * the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or non-obviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented."

The Patent Office originally rejected the claims of the 808 patent because the Gribner patent, describing a fern-packaging machine, when combined with the plunger described in the Malmstrom patent anticipated appellant's machine. The plunger of Malmstrom was shaped to push compacted material into a tube while avoiding a filler element, and it was considered "merely a matter of design" to shape the Malmstrom plunger in order to avoid injuring a part of the article being packaged. The Gribner machine involved compressing and packaging an entire mass, and appellant argued that neither Gribner nor other prior patents disclosed a device which compressed and packaged roots and allowed branches to extend from the package. The trial court found it "clear"

that the 808 patent was issued because it had a pusher structure that permitted packaging of roots of plants having branches extending without interfering with those extending branches. The 808 machine also, ultimately, produces a package in which only roots and preservative materials around them are encased in a bag and from which branches extend.

Appellee points out, however, that the Patent Office did not have the Field patent No. 2,628,753 before it. The Field patent does have a U-shaped pusher which pushes roots of plants into a bag without scarring the extending branches and which produces a package from which unwrapped branches extend from the packaged roots.

The fact that the Gribner device would have to be modified in order to accommodate the U-shaped pusher of the Field device is not sufficient to sustain the validity of the patent. The trial court found that "[t]he differences between the 808 patent and the prior art are such that the differences would have been obvious at the time the 808 machine was designed to a person having ordinary skill in the art to which said subject matter pertains." With this we agree, and the record amply supports the findings of the trial court.

Appellant's tree-wrapping machine, patent 808, as described in claim 7, which is representative of the other claims, is as follows:

"A device for packaging the roots of a plant having extending branches which includes, in combination, a supporting frame, troughlike means having an open side mounted on said frame, cover means movable into a position for closing said side and compacting material about the plant roots, a pushing element movable within the troughlike means, said pushing element comprising a yoke member of U-shaped, the open side of said U-shaped member presenting toward the cover means when the cover means is in closing position, and means for advancing said pushing element for moving said roots and material from said troughlike and cover means into a container placed thereon and advanced therefrom, said cover means being thereafter movable from the troughlike means to permit the extending branches to be removed laterally from the device along with said container and packaged roots."

The Gribner patent No. 2,393,102, a fern-packing machine, which was referenced by the Patent Office in patent 808, is described in claim 2 as follows:

"An apparatus of the class described, consisting of two pairs of spaced upright standards, a lower beam hinged between one set of standards and movable between the other pair of standards, said lower beam having a lower packing jaw mounted on the movable end thereof, said packing jaw being channel shaped on its upper side, means for moving said lower jaw upwardly, a channel shaped packing tray removably disposed within said lower packing jaw, an upper beam disposed directly over said lower beam and hinged to the same standards, said upper beam having an upper packing jaw attached thereto adapted to move between the sides of said channel shaped packing tray, means for urging said upper beam in an upward direction and a latch for holding said upper beam in a lowered position."

The Field patent No. 2,628,953, a plant-packing machine, not referenced by the Patent Office, claim 4, which is representative, is described as follows:

"A packing machine comprising a hopper, a U shaped guide and a U shaped plate assembly, said hopper comprising at least two openings and being positioned above said U shaped guide so that the contents of said hopper can easily pass through one of said openings to said U shaped guide, said U shaped plate assembly being longitudinally movable in said U shaped guide."

Basically the prior art and the 808 patent consist of the following identical mechanical elements:

1. A frame;

2. A trough with a compressing cover;

3. An operating mechanism for achieving compression;

4. A pushing foot and rod moving through the stationary trough;

5. An operating mechanism for the pushing foot.

In Skee-Trainer et al. v. Garelick Mfg. Co., 361 F.2d 895 (8th Cir. 1966), a training device for teaching water-skiing was held not patentable although the trial court found that other devices for the purpose were found not to resemble the device of the patent in suit or to anticipate any of its basic features. Despite this conclusion, this Court held that "the 'Trainer' could have been developed and constructed by an individual with knowledge and skill in the field of mechanics."

■ The claims at issue here involve the operations of compressing preservative material around the roots of a plant, and pushing the compressed roots and materials into a package without harming extending branches. The commercial success of the invention indicates that it fills an unsolved need, and the testimony indicates that others have tried and failed to produce a machine which would perform these operations. These secondary considerations do not, however, outweigh the evidence that the design and mechanics of this device would have been obvious to a person having ordinary skill in the art, had he been acquainted with the compressing mecha-

nism of Gribner and the pusher and packaged result of the Field device.

The court below recognized the presumption of validity but concluded that this presumption was overcome, following the doctrines of this Court enunciated in Ezee Stone Cutter Mfg. Co. v. Southwest Industrial Products, Inc., 262 F.2d 183 (8th Cir. 1959); Long v. Arkansas Foundry Co., 247 F.2d 366 (8th Cir. 1957).

Rule 52(a), F.R.C.P., provides "Findings of fact shall not be set aside unless clearly erroneous, * * *" and "[t]his Court has traditionally given considerable weight to a District Court's determination that a particular modification of prior art is one which might have been developed by a mechanic in the art, even though the ultimate issue of 'obviousness' must be considered a matter of law." (Citations footnoted in the original, omitted here.) Piel Manufacturing Co. et al. v. George A. Rolfes Co. et al., 363 F.2d 57 (8th Cir. 1966). The Court's conclusion in that case that: "[t]here is nothing in facts presented here to lead us to a different result" applies equally well in the case at bar.

■■ The court below held the 808 patent invalid in the light of the prior art and ordinary mechanical skill present in the pertinent art. We, like the trial court, must also apply the generally accepted rule that there can be no infringement of an invalid patent, and conclude that there is no infringement. This holding disposes of appellee's cross-appeal; the question of infringement is not reached by this Court because of the finding of invalidity of the patent.

In all respects the judgment of the District Court is affirmed.