55 CCPA

**Application of Jerome H. LEMELSON.**
**Patent Appeal No. 7980.**

United States Court of Customs
and Patent Appeals.
June 27, 1968.

Smith, J., dissented.

R. J. Lasker, Washington, D. C., for appellant.

Joseph Schimmel, Washington, D.C. (Jere W. Sears, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND and KIRK-PATRICK,* Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claims 7 and 10–19 of application serial No. 78,484, filed December 27, 1960, entitled "Optical Devices." Appellant has withdrawn claims 16–19, as to which the appeal will be dismissed. As to the others we affirm.

The only issue is patentability of the claimed subject matter over the following prior art references relied on by the board:

| Slayter | 2,311,613 | Feb. 16, 1943 |
|---|---|---|
| Biefeld et al. | 2,723,215 | Nov. 8, 1955 (filed May 31, 1950) |
| Squires | 2,758,342 | Aug. 14, 1956 (filed May 17, 1952) |

During the prosecution there has been argument as to whether appellant was entitled to the benefit of the filing date of an earlier application, serial No. 360,954, filed June 11, 1953. It was held he was entitled to it as to certain claims but it is no longer of importance as it will be observed that all of the above patents have effective dates as references earlier than June 11, 1953. In re Hilmer, 359 F.2d 859, 53 CCPA 1288.

Appellant's "optical devices" consist simply of transparent filaments, such as glass fibers or monofilaments, embedded in symmetrical longitudinal array in transparent plastic, such as nylon. His

* Senior District Judge Eastern District of Pennsylvania, sitting by designation.

drawings contain three figures showing a rod-like member of plastic having a circular array of glass monofilaments embedded in it just below the surface; a bundle of filaments of generally circular cross section, the filaments being surrounded by and embedded in a transparent plastic; and a flat sheet of plastic with a layer of transparent monofilaments parallel to one surface. Various proposed uses of such articles are as light-reflecting media or for transmitting light longitudinally of the filaments (piping light). Appellant's specification explains that to function in these uses his filamentary material and the enclosing transparent plastic must have different indices of refraction. For example, he may use glass filaments of a glass having a high index of refraction and a plastic material surrounding it having a lower index of refraction but, broadly, the requirement is simply that the indices of refraction be different. Appellant appears to regard that as "the salient feature of all claims * * *."

Claim 7 is illustrative and reads:

7. A fiber optical device comprising in combination, a plurality of flexible, cylindrical transparent mono-filaments which are elongated in shape a sheaving surrounding said mono-filaments, said sheaving totally encapsulating said filaments and comprising a transparent flexible material having a substantially cylindrical external shape and having an index of refraction which is different from the index of refraction of the material of said encapsulated mono-filaments, said mono-filaments being arranged in a substantially symmetrical array and extending along the entire length of the device.

Claims 10–12 are directed to the sheet form and describe the filaments as glass. Claim 13 is directed to a bundle of glass filaments of high refractive index encapsulated in plastic of lower index. Claim 14 would cover a single monofilament of high refractive index glass coated with a protective light transmitting material of lower refractive index. Claim 15 is similar but calls for a bundle of monofilaments.

Slayter's invention is concisely described in his claim 1:

1. A flexible, non-porous, transparent plastic organic material having the appearance of glass, and a plurality of attenuated glass fibers embedded in said plastic material to form a clear transparent body free from interstitial spaces or voids, said transparent glass fibers having a diameter less than 10 microns, the indices of refraction of said glass fibers and said plastic being the same, whereby the embedded glass fibers optically disappear.

He illustrates the use of his material in a drinking glass or tumbler. To make his plastic tumbler look like glass, though containing reinforcing glass fibers, he wants his fibers to be invisible. He teaches that they will be if their index of refraction is the same as that of the plastic in which they are embedded. Of course, this is the antithesis of appellant's invention but the question here is not novelty or anticipation but obviousness under 35 U.S.C. § 103. In the course of teaching how to make glass fibers in plastic invisible, Slayter provides an explicit, detailed description, illustrated in his drawings, of what happens if the glass fibers and plastic have *different* indices of refraction—as claimed by appellant. He says, inter alia,

* * * when light rays are directed to and through irregularly shaped bodies embedded within a transparent material having a *different index of refraction,* the light is broken up and diffused into many foreign refractions *and reflections.* This may destroy the transparency so that it is impossible to see through such material. [Our emphasis.]

The board described the pertinent disclosures of Biefeld et al. and Squires as follows:

The Biefeld et al. patent discloses textile strands, yarns and cords made

of a bundle of glass fibers which extend in substantially parallel relation with each other. In order to protect the glass fibers from abrasion they are each surrounded with a plastic material some of which are the same as the plastic materials disclosed by appellant. The strand as disclosed in Fig. 4 is substantially circular in cross-section.

The Squires patent shows a plastic mullion which is reinforced with longitudinally extending glass fibers. The patent states that if the mullion is to be transparent, the indices of refraction of the materials used must be the same. However, he states that it is not necessary that the mullion be transparent, hence, it would be obvious that the indices of refraction of the materials used may be different. The mullion shown is substantially identical with appellant's Fig. 3 disclosure.

Appellant attempts to counter Biefeld et al. by saying the "patent does not touch on the significance of differing indices of refraction," and this is true but it was relied on by the Patent Office for its disclosure of the bundle structure of glass fibers embedded in plastic. As to Squires, appellant says that the "patent mentions differing indices of refraction with regard to the need for the presence or absence for transparency." This is not an adequate refutation of the reference. Squires' mullion, which is for the protection of windows against shock, discloses at least one of the plastic materials disclosed by appellant with glass fibers arranged therein as called for by the claims and, like Slayter, teaches that if you want transparency the indices of refraction of the glass and plastic must be the same, "as is known in the art." If the indices are not the same, it would seem to be obvious to one skilled in the art that the mullions would not be transparent and that the reason for that phenomenon would be that light impinging on the filaments embedded in the plastic is reflected, as taught in detail by Slayter.

As we said in In re Boe, 355 F.2d 961, 53 CCPA 1079 (1966), "All of the disclosures in a reference must be evaluated for what they fairly teach one of ordinary skill in the art." The use of patents as references is not limited to what the patentees describe as their own inventions or to the problems with which they are concerned. They are part of the literature of the art, relevant for all they contain. We say this in answer to appellant's contentions that none of the references positively teaches the *need* for a core material and a sheath material having different indices of refraction and that none discloses an *intent* to solve the problem appellant solved. These are legally irrelevant considerations and, as to the problem, we agree with the Patent Office Solicitor that appellant has not disclosed what it is other than causing light to be reflected. The references teach how to do that with glass monofilaments embedded in transparent plastic.

We think it clear that the references relied on, taken collectively, make the subject matter of the appealed claims obvious within the meaning of section 103.

The decision of the board rejecting claims 7 and 10–15 is therefore *affirmed* and the appeal is dismissed as to claims 16–19.

Affirmed.

SMITH, Judge, dissents.