56 CCPA

**Application of Ralph L. YOUNG and Kingsley E. Humbert, Jr.**

**Patent Appeal No. 8058.**

United States Court of Customs and Patent Appeals.

Dec. 5, 1968.

Ralph L. Young, pro se, James W. Dent, Donald J. Rich, Washington, D. C., for appellants.

Joseph Schimmel, Washington, D. C. (Fred W. Sherling, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge and RICH, SMITH, ALMOND, and BALD-WIN, Judges.

BALDWIN, Judge.

This appeal is from the decision of the Board of Appeals,[1] affirming the examiner's rejection of claims 14 and 16–18 in appellants' application[2] for "Filters" as unpatentable under 35 U.S.C. § 103[3] over Vokes[4] combined with Pumps.[5]

## THE INVENTION

Appellants' invention relates to filters for fluids, such as air, and methods of their construction. The particular structural embodiment involved in the instant appeal is illustrated in Figure 8:

FIG. 8.

This filter unit has a pleated core of filter paper 64 interposed between top and bottom filter paper walls 62 and 63. The V-shaped accordion pleats have alternate edges respectively bonded to sheets 62 and 63 by glue or other means,

---

1. The board consisted of Messrs. Dracopoulos and Brewrink, Examiners-in-Chief, and Reynolds, Acting Examiner-in-Chief. Mr. Brewrink wrote the opinion of the board.

2. Serial No. 377,157, filed May 19, 1964, alleged to be a continuation of copending application serial No. 846,745, filed October 15, 1959.

3. Because of our decision as to the obviousness of claim 14 under 35 U.S.C. § 103, we need not consider the rejection of claim 14 as incomplete under 35 U.S.C. § 112 or the issues raised by the Solicitor in regard to the lack of specificity in appellants' reasons of appeal concerning allegations of error in the affirmance of the rejection of claim 14 under 35 U.S.C. § 112.

4. British Patent 401,287.

5. British Patent 565,265.

thereby forming a plurality of V-shaped cells 67. In operation, a fluid to be treated is passed through openings 68 in sheet 62 into a top V-shaped cell 67, through filter paper 64, into a bottom V-shaped cell 67, and out through openings 69 in sheet 63. The entire filter unit is disposed in a housing which is not shown in the figure reproduced above.

One claim to a filter unit and two claims to a method of manufacture thereof having been allowed by the board, the claims on appeal here are directed to the method of making the filter unit. The appealed claims read:

14. The method of making a filter comprising providing a pair of separate flat end wall portions, providing holes in each of said end wall portions, providing a core section of preformed configuration defining a plurality of separate chambers with the core section having opposite edge portions, placing said core section between said end wall portions and adhering the opposite edge portions to the end wall portions with holes in one of said end wall portions being in communication with certain ones of said chambers, and the holes in the other end wall portion being in communication with other of said chambers, and placing the filter within a housing having an aligned central inlet and outlet opening.

16. The method of making a filter comprising providing a pair of separate end wall portions, providing holes in each of said end wall portions, providing a continuous integral one-piece sheet of filter paper material which is fluid pervious, forming pleats in said sheet of filter paper material, placing said sheet of filter paper material between said end wall portions so as to define a plurality of separate parallel cells disposed adjacent one another, and with the holes in one end wall portion in communication with alternate ones of the cells and the holes in the other end wall portion being in communication with intervening alternate cells.

17. The method of making a filter comprising providing a pair of separate flat end walls, providing holes in each of said flat end walls, providing a continuous integral one-piece sheet of filter paper material which is fluid pervious, repeatedly folding said sheet of filter paper material to provide accordion pleating therein, said accordion pleating including edges on each pleat, placing said sheet of filter paper material between said flat end walls with the pleat edges in contact with the end walls to define a plurality of separate parallel chambers, and securing said sheet of filter paper material and said end walls in operative position with the holes in one end wall in communication with alternate ones of said chambers and the holes in the other end wall in communication with intervening alternate chambers.

18. The method of making a filter comprising providing a pair of separate flat end wall portions comprising sheets of filter paper material and having flat inner faces, providing holes in each of said end wall portions, providing a continuous integral one-piece sheet of filter paper material which is fluid pervious, folding said sheet of filter paper material to provide a plurality of V-shaped pleats therein including edges which are substantially straight and disposed in spaced parallel relationship to one another, placing said pleated sheet of filter paper material between said end wall portions with the first plurality of pleat edges in contact with the flat inner surface of one of said end wall portions and the remaining plurality of pleat edges in contact with the flat inner surface of the other end wall portions, to define a plurality of separate parallel cells, and with the holes in one end wall portion being in communication with alternate ones of said cells and the holes in the other end wall portion being in communication with intervening alternate cells.

## THE REFERENCES

Vokes discloses a method of forming a filter in which a pleated filter element, formed from felt or fabric stitched to a light wire gauze, is positioned between flat parallel apertured sheets or end members.

Pumps discloses a method of forming a filter in which conical sections or rings are cut from a hollow filter paper cone. These rings are placed concentrically one within another, each alternate successive ring being inverted, thus making close contact with one another along the edges and forming a circular body having a zig-zag radial section. The rings are joined to one another along the edges and are attached to a pair of circular parallel apertured plates by an adhesive or cement which is placed in circular grooves in the plates in which the ring edges are also placed or seated.

## THE REJECTION

The examiner in the final rejection and in his Answer held claims 14 and 16–18 to be unpatentable under 35 U.S.C. § 103 over Vokes combined with Pumps, stating:

* * * [Vokes] discloses the claimed method of preparing a filter excluding the use of filter paper and adhesively securing same to apertured sheets of paper or otherwise. * * * [Pumps] teaches the use of filter paper and adhesive for securing apertured card board plates thereto. It would be obvious for one of ordinary skill in the art to utilize filter paper per se or in combination with adhesive and or card board apertured plates in the method taught by [Pumps] * * * in view of [Vokes] * * *.

The examiner further stated regarding claim 14 that:

* * * [Vokes] additionally teaches a filter housing having a central inlet and outlet * * *. It would be obvious for one of ordinary skill in the art to prepare a filter by the method taught in [Pumps] * * * as modified by [Vokes] * * *.

The board sustained the examiner, stating that:

Claims 14, 16, 17 and 18 do not appear to us to recite the disclosed and argued assembly steps with the particularity urged by appellants as distinguishing over the references. In these claims, we find no requirement for attachment of the pleated folds to the end wall portions. In Figure 3 of Vokes, we find the physical assembly required and to reach this arrangement in a device using filter paper material as the pleated member does not appear to us to exceed what would be obvious from the references. Both Vokes and Pumps provide the alternate chambers and end walls with openings connecting to the chambers as recited.

## OPINION

█ We agree with the board that claims 14 and 16–18 recite a method which would be obvious from the prior art to a person of ordinary skill in the art.

Appellants argue that the board erred in its determination that claims 14 and 16–18 fail to define anything unobvious over the prior art since they do not entail any "requirement for attachment of the pleaded folds to the end wall portions." That statement by the board recites two distinctive limitations, namely, that the filter material be *pleated* and *positively attached* to the end walls. Although claim 14 recites "adhering," there is no limitation that the core be "pleated;" and Pumps discloses bonding a core to end walls. The limitation of "securing," as recited in claim 17, does not necessarily entail any "bonding," and Vokes certainly *secures* a pleated filter element between end walls. Claims 16 and 18 do not recite any type of "securing," by bonding or any other means.

█ Appellants have failed to appreciate that they cannot show nonobviousness by attacking the references individually where the rejection is based on a combination of references. In re Goep-

frich, 136 F.2d 918, 30 CCPA 1181 (1943); In re Mapelsden, 329 F.2d 321, 51 CCPA 1123 (1964).

The decision is affirmed.

Affirmed.

SMITH, J., participated in the hearing of this case but died before a decision was reached.

