**RALSTON PURINA COMPANY,**
Plaintiff-Appellee,

v.

**GENERAL FOODS CORPORATION,**
Defendant-Appellant.

No. 20011.

United States Court of Appeals,
Eighth Circuit.

May 26, 1971.

Richard E. Cornwell, Wilmington, Del., Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for defendant-appellant; Rudolf E. Hutz, James M. Mulligan, Jr., Connolly, Bove & Lodge, Wilmington, Del., Michael J. Quillinan, General Foods Corporation, White Plains, N. Y., of counsel.

Peter P. Price, Grand Rapids, Mich., Frederick H. Mayer, Cook, Murphy, Lance & Mayer, St. Louis, Mo., for plaintiff-appellee; Richard C. Cooper, Randall G. Litton, Price, Heneveld, Huizenga & Cooper, Grand Rapids, Mich., of counsel.

Before JOHNSEN, VOGEL and ROSS, Circuit Judges.

PER CURIAM.

This appeal is from the District Court's ruling in a declaratory judgment action that patent No. 3,047,395 (the Rusoff patent) owned by appellant, General Foods, was invalid and unenforceable and, even if valid, not infringed by the product manufactured or process employed by appellee, Ralston Purina, in the production of its "Chuck Wagon" dog food.

Generally, the patent seeks to protect a product simulating quality meat cuts in appearance and texture. The product is made out of proteinaceous material. Besides the product the patent also attempts to protect the particular process by which this meat-like simulation is achieved. According to the process claims, the protein material which is substantially undenatured, finely divided and hydrated, is rapidly heated (a time span of less than five minutes) to a temperature of 300°–400° F. The moisture content of the material according to the claims should be brought to 50–80%. As it is heated the material is continuously agitated (preferably 30–500 r. p. m.) in order to coagulate and orient it. Afterwards it is rapidly cooled to a temperature of less than 200° F. allegedly to preserve the texture of the mass which should be fibrous and sinuous.

The only patent cited in the Rusoff patent application was the Anson patent (No. 2,830,902, issued April 15, 1958). The presumption of validity normally afforded to a patent is weakened, if not completely destroyed, by proof of pertinent prior non-considered art. American Infra-Red Radiant Co. v. Lambert Industries, Inc., 8 Cir., 1966, 360 F.2d 977, 989, cert. denied 385 U.S. 920, 87 S.Ct. 233, 17 L.Ed.2d 144. Such is the case here.

The Boyer patent (No. 2,682,466, issued June 29, 1954), not cited in Rusoff, basically claims a "meat-like product comprising oriented edible fibers extruded from a mass of natural protein." These fibers are bound together to re-

semble pork, chicken, beef, and other meats. Other uncited patents in existence at the time of the Rusoff invention included: (1) The Norman patent (No. 2,165,721, issued July 11, 1939) which claims a process whereby raw blood is agitated and the mass injected with steam to raise its temperature. The mass is sealed in a can and heated. The District Court found that the end product was a mass "resembling meat"; (2) the Kellogg patent (No. 670,283, issued March 19, 1901) teaches the production of a fibrous meat-like substance after vegetable ingredients are mixed and heated for one to three hours; (3) the Wrenshall patent (No. 2,560,621, issued July 17, 1951) claims a product which has a "meat-like character" and a "comminuted meat-like texture". The Wrenshall process involves the heating at a temperature between 200° and 400° F. of an aqueous substance until it coagulates; (4) the Meyer patent (No. 2,631,111, issued March 10, 1953) provides a process whereby the protein content of corn gluten is increased by injecting steam pressure to create temperatures from 260° to 350° F.

The District Court ruled that these prior patents taught all that was attempted to be protected by the Rusoff claims. Thus, it concluded that Rusoff was void because the use of these prior advances to achieve the Rusoff result and the result itself were obvious to one skilled in the art at the time of invention. In reviewing this determination by the District Court we will, as we have traditionally, give considerable weight to its factual determinations underlying the decision of obviousness even though that issue is one of law which we shall rule on ourselves. Greening Nursey Company v. J and R Tool and Manufacturing Company, 8 Cir., 1967, 376 F.2d 738, 742. Findings of fact in patent cases are not to be set aside unless clearly erroneous under Federal Rule of Civil Procedure 52(a), Rota-Carb Corporation v. Frye Manufacturing Company, 8 Cir., 1963, 313 F.2d 443, 444; Collins v. Owen, 8 Cir., 1962,

310 F.2d 884, 887, but Courts of Appeals are not bound by this standard where " * * * the evidence is documentary or where it involves the actual examination of a product * * *." Deep Welding, Inc. v. Sciaky Bros., Inc., 7 Cir., 1969, 417 F.2d 1227, 1229, cert. denied, 1970, 397 U.S. 1037, 90 S.Ct. 1354, 25 L.Ed.2d 648. In the instant case although there was no parol testimony concerning some of the uncited prior art upon which the District Court relied to hold the patent invalid, we can and must consider those along with all the other properly admitted evidence of the case. And of course, some familiar principles guide us in the review of these facts:

" * * * even though the disclosures of the prior art may fall short of 'complete anticipation,' anticipation may be found where achieving complete anticipation only required that one of ordinary skill in the art merely exercised that skill to complete the work. Leishman v. General Motors Corp., 191 F.2d 522, 530–531 (9th Cir. 1951). * * * while it is preferable that 'all of the elements of the patented device or their equivalents * * * be found in a single prior device,' it is sufficient for anticipation 'if the general aspects are the same and the difference in minor matters is only such as would suggest itself to one of ordinary skill in the art.' Ampehnol Corp. v. Gen'l Time Corp., 397 F.2d 431, 437–438 (7th Cir. 1968). Thus, rejection or invalidity may be properly based on a combination of references or the prior art taken as a whole. Gen'l Time Corp. v. Hansen Mfg. Co., 199 F.2d 259, 264 (7th Cir. 1952); Akron Brass Co. v. Elkhart Brass Mfg. Co., 353 F.2d 704, 706 (7th Cir. 1956); In re Young, 403 F. 2d 754, 757–758 (Cust. & Pat.App. 1968); and Koehring Co. v. E. D. Etnyre & Co., 254 F.Supp. 334, 361 (N. D.Ill.1966). In this respect, the prior art is cumulative. Amerline Corp. v. Cosmo Plastics Co., 407 F.2d 666, 669–670 (7th Cir. 1969), and In re Lemelson, 397 F.2d 1006, 1009 (Cust. &

Pat.App.1968). * * * we must evaluate all prior art references, domestic and foreign, for what they fairly teach one skilled in the art including nonpreferred embodiments. In re Boe, 355 F.2d 961, 965, 53 CCPA 1079 (1966); In re Lemelson, ibid; and In re Umbricht, 404 F.2d 386, 390 (Cust. & Pat.App.1968)." Deep Welding, Inc. v. Sciaky Bros., Inc., supra, 417 F.2d at 1234 (footnote omitted).

Or as Judge Lay has observed for this court:

" * * * nonpatentability does not turn upon the new device utilizing isolated elements of prior art and combining them. When the resulting new combination produces a totally new functional aspect, to deny patentability in every case would be to sanction the use of 'hindsight' in light of the claimed patent. However, at the same time, to deny patentability where the combination of elements is an obvious step, where no inherent difficulties or deterrents are involved in making the step, where the new combination results in a natural phenomenon, even though all of the advantages were not foreseen, should not bring into play the introspective condemnation of using 'hindsight.' The test of obviousness, again, must turn upon a case by case analysis. See L & A Products, Inc. v. Britt Tech Corp., 365 F.2d 83, 86 (8 Cir. 1966). * * * " National Connector Corp. v. Malco Manufacturing Co., 8 Cir., 1968, 392 F.2d 766, 771, cert. denied 393 U.S. 923, 89 S.Ct. 254, 21 L.Ed.2d 259.

We feel the District Court's finding and conclusions to be substantially supported in the record. The product and processes attempted to be protected in Rusoff would, at the date of its invention, have been obvious to one skilled in the art due to the prior patents briefly discussed above. This is the essential issue. University of Illinois Foundation v. Winegard Company, 8 Cir., 1969, 402 F.2d 125, 127, cert. denied 394 U.S. 917, 89 S.Ct. 1191, 22 L.Ed.2d 452. Although possibly no one prior patent shows the particular arrangement or result which Rusoff claims, this does not save the patent. L & A Products, Inc. v. Britt Tech Corporation, 8 Cir., 1966, 365 F.2d 83, 87. The references must be taken collectively. Application of Bodley, CCPA, 1970, 426 F.2d 390, 394.

General Foods' principal argument is that the enumerated references are not evidence of the obviousness of the patent in that the techniques of rapid heating and continuous agitation are not taught in any of the prior art. But the Norman patent refers specifically to a process requiring agitation of the material at first and continued agitation as the steam heat is injected. The Rusoff patent also follows this in that it recites that the steam pressure can alone cause the necessary agitation. The rapid heating concept is found previously in the Meyer patent where it is stated that " * * * the object of this invention can be realized by heating the gluten for five minutes at 312° F. * * * However, only about two minutes heating time were required at 350° F. * * * " The Rusoff claims are not of the required degree of invention in light of the previous development of the art which to one knowledgeable in the art would have made obvious the Rusoff process and product.

The District Court also found that the Rusoff temperature range (300°–400°), rapid cooling limitation, and agitation range (30–500 r. p. m.) were meaningless and unrealistic limits. It felt that these claims under the Rusoff patent violated 35 U.S.C.A. § 112 in that the patent was not of such clear, concise, and exact terms as to enable any person skilled in the art to follow it. 35 U.S.C. A. § 282(3). In light of our conclusion of law that the patent is invalid because it was obvious to one skilled in the art, we need not discuss or rely upon this conclusion.

Of course, an invalid patent cannot be infringed.

Finally, the court ruled that even if the Rusoff patent were valid, the Ral-

ston process did not infringe on its protected features. The court found that the two processes differed in seven substantial respects: (1) Starting material, (2) moisture range, (3) temperature range, (4) presence of oils and fats, (5) recovery of solids, (6) equipment employed, and (7) end product. "To constitute infringement, there must be not only substantial identity of result but also substantial identity of the means used in accomplishing that result, and substantial identity of operation of such means." Universal Match Corp. v. New Castle Products, Inc., 7 Cir., 1962, 308 F.2d 842, 846. As to this issue the District Court's findings are not clearly erroneous and it applied the proper principle of law. Thus, we affirm its ruling that if the patent were valid, it was not infringed by Ralston's Chuck Wagon product.

Affirmed.