Albert M. GALLO, d/b/a A. J. Gallo Company, Plaintiff-Appellant,

v.

NORRIS DISPENSERS, INC., Defendant-Appellee.

No. 20542.

United States Court of Appeals, Eighth Circuit.

Aug. 9, 1971.

---

Paul M. Denk, St. Louis, Mo., for plaintiff-appellant.

John D. Levine, David N. Fronek, and Dorsey, Marquart, Windhorst, West & Halladay, Minneapolis, Minn., for defendant-appellee.

Before JOHNSEN and ROSS, Circuit Judges, and HARPER, Senior District Judge.

PER CURIAM.

This is an appeal from a ruling by the trial court holding that the Gallo patent (2,726,262) is invalid and, even if valid, not infringed by the Weiss patent (3,171,266). We affirm.

The Gallo patent was issued on May 22, 1956. As a part of the patented machine, evaporating coils were placed on top of a cooling plate which was installed in the machine at an angle. A water overflow trough at the top of the cooling plate permitted water to flow over and around the curved lip at the top of the plate and onto the underside of the inclined freezing surface where it was frozen. A means was provided for removing the slab of ice after a predetermined quantity has formed, together with a means of breaking up the slab into cubes by use of heated wires.

The trial court held that the subject matter as a whole was obvious to a person having ordinary skill in the art to which the subject matter of the patent pertains in view of the disclosures of various prior patents, and that therefore the patent is invalid.

The expert witness for the plaintiff, Mr. Black, acknowledged that Gallo did not actually invent any of the various individual elements of the patent except "a water overflow trough adjacent to the upper edge of said plate and including a curved lip portion merging into said ice forming surface." Mr. Black also stated that the combinations of this element, together with other elements disclosed in prior patents, would not be obvious to one skilled in the art in view of the prior art patents cited by the defendant.

The expert witness for the defendant, Mr. Staubly, testified that as the result of the teachings of six other patents (Murdock, 2,730,865; Short, 2,310,468; Albright, 2,683,357; Taylor, 2,063,770; Ophuls, 1,370,221; and Barrath, 795,-753), an invention of the overflow trough adjacent to the upper edge of the cooling plate, including the curved lip merged into the cooling surface, would have been obvious to a man having ordinary skill in the industry at the time of Gallo's alleged invention. None of these patents was cited in the file of this patent except Taylor. He also testified that in his opinion Gallo had "accumulated or selected parts from the teachings of these various patents into a unitary device wherein the unitary device performed, the elements performed the same function in the new assembly that they performed in the prior art teaching. There was no new function performed."

On this appeal Gallo asserts that the trial court erred when it found (1) the elements of the Gallo patent were old in the art, (2) the combination of the elements were obvious in view of the prior art, and (3) the Weiss patent did not contain all the elements of the Gallo patent; (4) when it failed to give consideration to the plaintiff's "pertinent evidence"; and (5) when it extended the doctrine of file wrapper estoppel to limit the scope of the plaintiff's claims. Assertions (1) and (2) relate to the validity of the Gallo patent; assertions (3), (4) and (5), to the alleged infringement of the Gallo patent by the Weiss patent. Since we, for the reasons set forth below, affirm the District Court's decision that the Gallo patent was invalid and since an invalid patent cannot be infringed, assertions (3), (4) and (5) relating to the infringement of the Gallo patent by the Weiss patent will not be considered. American Infra-Red Radiant Co. v. Lambert Industries, Inc.,

360 F.2d 977, 991 (8th Cir.), cert. denied, 385 U.S. 920, 87 S.Ct. 233, 17 L. Ed.2d 144 (1966). *See also* John Deere Company of Kansas City v. Graham, 333 F.2d 529, 530 (8th Cir. 1964), aff'd, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1965), and cases cited therein.

Plaintiff's first two assertions are basically the same. He first asserts that the evidence does not support the District Court's fact determination that the element of claim 10, which reads: "a water overflow trough adjacent the upper edge of said plate and including a curved lip portion merging into ice forming surface" was contained in the prior art. Secondly, he asserts that the evidence also does not support the District Court's fact determination that the elements of claims 10, 15, 16, and 17 in combination were obvious to a person having ordinary skill in the art.

As heretofore set forth, the District Court received defendant's expert witness' testimony to the effect that the elements of claims 10, 15, 16, and 17 were found in prior art and that the elements in combination were made obvious by prior art to a person of ordinary skill. The District Court made a fact determination based in part on this testimony and this court will not substitute its judgment for that of the District Court on disputed fact issues unless such determination was clearly erroneous. In Ditto, Incorporated v. Minnesota Mining & Mfg. Co., 336 F.2d 67, 69 (8th Cir. 1964), this Court said:

"Fact-findings of the trial court in patent cases are to be tested by the clearly erroneous standard prescribed by Rule 52(a)."

Then quoting from Rota-Carb Corp. v. Frye Mfg. Co., 313 F.2d 443, 444 (8th Cir. 1963), this Court continued to say:

"When a trial court in a patent case has followed proper legal standards in determining the question of presence or absence of patentable invention, its finding upon that issue, if sustained by the evidence, will not be disturbed on appeal."

Then later in our opinion, at p. 71, we said:

"We cannot substitute our judgment for that of the trial court upon disputed fact issues. The trial court had the benefit of seeing and hearing the witnesses and viewing the pertinent experiments made before it."

*See also* Ralston Purina Company v. General Foods Corporation, 442 F.2d 389 (8th Cir. 1971), and cases cited therein.

In testing a fact determination by the "erroneous standard," this Court has determined a fact determination to be clearly erroneous when, " 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed,' " Humble Oil & Refining Company v. American Oil Company, 405 F.2d 803, 814 (8th Cir.), cert. denied, 395 U.S. 905, 89 S. Ct. 1745, 23 L.Ed.2d 218 (1969), and cases cited therein, and when "it is unsupported by substantial evidence, contrary to the clear weight of the evidence, or induced by an erroneous view of the law." John Blue Company v. Dempster Mill Mfg. Co., 275 F.2d 668, 669 (8th Cir. 1960), and cases cited therein.

In carefully studying the evidence, we have found that the trial court's factual findings are adequately supported by the record and are consistent with the clear weight of evidence. The opinion of Judge James H. Meredith in this case reported at 315 F.Supp. 38 clearly shows that he also applied the proper principles of law.

On the basis of his opinion, we affirm the judgment that the Gallo patent is invalid.