**VALLEN et al. v. VOLLAND.**

**VOLLAND v. VALLEN et al.**

**Nos. 11926, 11927.**

Circuit Court of Appeals, Eighth Circuit.

July 17, 1941.

J. Ralph Barrow, of Akron, Ohio (Carr, Carr & Gravely, of St. Louis, Mo., on the brief), for Vallen and Vallen, Inc.

Howard G. Cook, of St. Louis, Mo., for Victor H. Volland, etc.

Before GARDNER and JOHNSEN, Circuit Judges, and COLLET, District Judge.

GARDNER, Circuit Judge.

In these cases, appellants Earl J. Vallen and Vallen, Inc., brought suit against appellee Victor H. Volland, charging infringement by Volland of the Vallen patent 2,012,460, granted August 27, 1935. They also charged unfair competition and asked for a declaratory judgment adjudging that their patent does not infringe a prior patent, No. 1,848,086, issued to defendant. Defendant answered denying infringement and alleging the invalidity of the Vallen patent. He also counter-claimed affirmatively, alleging the issuance to him on March 1, 1932, of patent No. 1,848,086, and alleged that the Vallen patent subsequently issued was void for want of invention, and that it infringed the Volland patent.

These patents relate to curtain track equipment used in theaters over the opening of the stage to support curtains which are drawn to the sides of the stage to display the stage, which curtains are brought together in overlapping relation in the center of the stage opening when closed. The counter-claim involves a similar device in which the curtains are caused to fold or gather only at the sides of the stage opening where they are concealed from view of the audience, the curtains traveling in an extended or ungathered condition to and from their closed positions.

The accused equipment device discloses a standard type of curtain track and is similar in structure to the Vallen device, functions in substantially the same manner and for the same purpose.

Three structures are here involved, to-wit, plaintiffs' Vallen patent 2,012,460, the defendant's counter-claimed Volland patent 1,848,086, and the accused structure claimed by plaintiffs to be an infringement of their Vallen patent. Drawings of these structures are here produced.

did not infringe the Volland patent 1,848,-086, and that the accused structure did not infringe the Vallen patent 2,012,460. The court made no finding as to the validity of either of the two patents. The court also found that Volland did not unfairly compete with plaintiffs in the stage equipment business, and concluded that neither the complaint nor the counter-claim had been sustained and that no infringement had been proven. Judgment was accordingly entered, dismissing both complaint and

### VALLEN PATENT No. 2,012,460
### FIG. 5

### VOLLAND PATENT No. 1,848,086
### FIG. 3

### ACCUSED STRUCTURE
#### SEE PLAINTIFF'S EXHIBIT D-3

The lower court found that plaintiff Earl J. Vallen was the owner of patent 2,012,-460, issued August 27, 1935, and plaintiff Vallen, Inc., was the exclusive licensee under the patent; that Victor H. Volland was the owner of patent 1,848,086, issued March 1, 1932; that both these patents relate to curtain tracks for rear fold on side fold curtains; that the Vallen patent 2,012,460

counter-claim. From this judgment both parties have appealed. It will be convenient to refer to the parties as they appeared below, Vallen and Vallen, Inc., being plaintiffs, and Victor H. Volland being defendant.

Plaintiffs seek reversal on the grounds that (1) the accused structure infringes Claims 3 to 10 of Vallen patent 2,012,460;

(2) that Vallen patent 2,012,460 discloses a highly valuable, meritorious contribution to the art, previously sought but not attained by Volland, and since Volland discarded his patented structure disclosed in Volland patent 1,848,086 and closely imitated Vallen in the accused structure, the Vallen patent in suit is entitled to such reasonable scope as to cover the accused structure; (3) there being no infringement by Vallen, declaratory judgment should be allowed as prayed for; (4) the Vallen constructions do not infringe Claim 1 of Volland; (5) Claim 1 of Volland, broadly construed, is invalid since it is applicable to the prior Clark and McDonald patented structure; (6) Volland is estopped by laches over a period of seven years from asserting his counter-claim.

Volland on his appeal asserts that (1) the Vallen patent 2,012,460 was anticipated by the Volland patent 1,848,086; (2) that Volland was not guilty of laches in asserting his patent against Vallen; (3) the Vallen device infringes Claim 1 of Volland patent 1,848,086 asserted by counter-claim in Volland's answer; (4) that Volland is entitled to a range of equivalents embracing the Vallen structure.

So far as plaintiffs' cause of action is concerned, the lower court found that the accused structure did not infringe plaintiffs' patent and found that plaintiffs' patent did not infringe the Volland prior patent, but made no finding as to the validity of either of the two patents.

In this court, defendant makes no defense to the claim that the accused device infringes plaintiffs' Vallen patent. Defendant's argument here goes rather to the validity of the Vallen patent, a point which was not decided by the lower court.

We shall first consider the contention that the Vallen patent is void because of the prior art as embodied in the Volland patent. This device involves a track on which travelers for supporting the curtain operate. There are two master travelers to which the inner end or edge of the curtains are attached, and to close the curtains these master travelers are drawn to the center of the track by an operating cord extending downward behind the stage, to be operated either by hand or power means. When the curtains are being drawn toward the center of the track, they are brought out from their fold behind the stage and moved to the center in substantially a flat condition. The purpose of the device is to cause the curtains to travel from the center to the sides of the stage in a flat condition and to gather at the end of the track, where they are concealed from the view of the audience. To accomplish this purpose, the patent uses what are defined as drag links, which are pivoted to the travelers. These drag links permit the cable to pass through the thimbles without affecting the movement of the travelers, but when they become tilted or cocked on their pivots they automatically grip onto the cable and when so gripped move with the cable. The drag links are so arranged that upon movement of the cable from one direction they come up against stops holding them against movement from a vertical position when the cable is moved in one direction, but they are permitted to swing away from this position when the cable is moved in the other direction, and the drag links are thus swung by the drag of the cable into a position in which they lock the travelers to the cable. This device has been successfully marketed by Vallen so that it can not be said to be a paper patent. While Claims 3 to 10 of this patent are involved, Claim 8 may be taken as typical. It reads as follows: "In curtain-operating apparatus the combination of a trackway, travelers on said trackway adapted to support a curtain, an operating cable for moving said travelers, and means on each of said travelers for connecting said travelers to said operating cable when the latter moves in one direction only, said means comprising tiltable structures engaged by the cable and adapted frictionally to grip the cable when tilted in one direction by movement of the cable."

Claim 9 covers a combination as defined in Claim 8 "including means for tilting the tiltable structures in the opposite direction to cause them to release the cable."

The Volland patent 1,848,086 involves a curtain track, a curtain operating cable, master travelers which are connected to curtains, and floating travelers on which the curtains are supported. To provide the rear fold feature, the floating travelers have bell cranks pivoted to them, one arm of the bell crank carrying a sleeve through which the cable extends, the other arm having rollers for rolling on the underside of the track. A cam rail on the underside of the track depresses the rollers so as to

swing the bell crank to cocksleeves—in order to connect the floating travelers to the cable as the curtains are extended or retracted. Claim 1 of the Volland patent is the only claim involved and reads as follows: "An apparatus of the character described comprising a curtain, travelers for supporting said curtain, a trackway for said travelers, an operating line for moving said curtains, and means associated with said travelers for releasably connecting said travelers to said operating line."

Claim 8 of the Vallen patent above set out disclosed a device on which the operating cable of the curtain track involved drag links or tiltable structures connected to the travelers so that these tiltable links lock themselves to the cable when the cable moves in one direction only. This feature is not present in the Volland patent 1,848,-086. The bell cranks utilized in the Volland patent are not tiltable structures engaged by the cable but are pivoted above the cable, and movement of the cable through sleeves in either direction could not in any way engage the bell cranks or cause them frictionally to grip the cable by movement of the cable. In the Vallen device the tiltable structure rides upon the cable by gravity and friction and the drag of the cable on it causes it to be self-locking.

Argument is made that if the Vallen device were inverted, its claims would read upon the prior Volland patent. But it appears that if the Vallen device were so inverted, gravity would not allow the tiltable structures to ride upon the cable but would cause them to hang from pivots above the cable so that they could not connect with the cable unless a cam rail or other device were provided to cause them to swing above their pivots, as is provided by Volland in his bell cranks. To invert the Vallen structure would render it inoperative. It was the declared purpose of Vallen to provide some simple device to cause the floating travelers automatically to become locked to the cable as the curtains move from the center to the sides of the stage and in this one direction only. The tiltable link construction of his patent results in a curtain easier to operate than under prior structures. In the Vallen patent all the floating travelers are simultaneously and automatically locked to the cable when the curtain starts to open, causing the curtains to move flatwise.

We conclude that plaintiff's patent is not void by reason of the prior art, and that it does not infringe Volland's prior art patent. It is therefore necessary to consider whether the accused device infringes plaintiff's patent.

Counsel for Volland makes no argument in defense of the charge that the accused device infringes the Vallen patent, but he rests his case upon the proposition that the Vallen patent is void. The accused device does not follow the teaching of the Volland patent 1,848,086, but seems substantially to follow Volland's patent 2,201,-804, issued May 29, 1939. The file wrapper in the Patent Office discloses that the examiner rejected claims asserted under the application for the accused device on the ground that it did not disclose invention over the Vallen patent. As ultimately allowed, the patent has but one claim, which reads as follows: "In curtain operating apparatus the combination of a horizontal tubular frame formed with a longitudinal slot in its bottom wall and trackways on each side of said slot, master and intermediate carriers mounted on the trackways and having tubular rope supporting members through which a curtain operating rope passes, chains extending from the tubular members and engaging the curtain, auxiliary members comprising drag links slidably engaged on the operating rope adjacent each intermediate carrier, flexible means comprising chains extending directly from the drag links to engagement with the curtain, said drag links being adapted to automatically tilt into gripping contact with the operating rope by the movement of said rope, said drag links being forced into gripping contact with the rope by the weight of the curtain, and stops at each end of the trackway which stop the travel of the drag links and thereby disengage the same from the operating rope."

This claim may be compared with claim 8 of the Vallen patent heretofore set out in this opinion. The examiner in the Patent Office expressed the view that it would require no inventive thought to flexibly pivot a drag link to the curtain, rather than to the carrier. With this view we agree. The examiner also said: "A careful study of Figure 9 of Vallen 2,012,460 indicates that the same forces exist between the drag link, the operating line and the curtain weight as in the applicant's structure. The

connection between drag link 34 and Curtain B is not rigid in either structure or effect, even when the link engages the operating rope."

In the accused structure flexible links are used as a means extending from the drag links, and this was urged in the Patent Office as the principal, if not the only distinguishing feature. We are of the view that the means used in the accused device are substantially the same as those in the Vallen patent. They function in the same manner and produce the same result. Even though the Vallen patent was a combination patent, yet it constituted an improvement on the prior art and is entitled to a reasonable scope of equivalents. The chain linkage is a transposition of parts which act in the same way and perform the same function as those appearing in the Vallen patent. Changing the relative position of parts does not avoid infringement where the transferred parts perform the same respective functions after change as before. Simplex Window Co. v. Hauser Reversible Window Co., 9 Cir., 248 F. 919; National Battery Co. v. Richardson Co., 6 Cir., 63 F.2d 289; Disc Grader & Plow Co. v. Austin-Western Road Machinery Co., 8 Cir., 254 F. 430. The drag link shown in the accused device, and which was the patentable feature of the Vallen patent, operates exactly like the drag link of the Vallen patent. The use of a link or chain connection to pivot one part to another is not sufficient to avoid infringement. The difference in the two devices is purely mechanical. As said by us in Dean Rubber Mfg. Co. v. Killian, 8 Cir., 106 F.2d 316, 319: "It is true that the means for rotating the forms in defendants' machine is mechanically different from that of the machine of the plaintiff, but, in our opinion the differences in the mechanism constituting the means of rotating the forms of these two devices, are purely mechanical, and that the substitution of defendants' rotating means for that of the plaintiff involves no inventive genius."

We sustain the finding and conclusion of the lower court that plaintiffs' allegations of unfair competition were not sustained by substantial evidence.

The judgment appealed from is therefore modified and the cause remanded, with directions to vacate the judgment and enter judgment not inconsistent herewith.