**FARMHAND, INC., Plaintiff,**

v.

**Russell O. CRAVEN, d/b/a Craven Welding Co., Defendant.**

**Civ. 68–10N.**

United States District Court,
D. South Dakota, N. D.
March 29, 1971.

Agor, Siegel, Barnett & Schutz, Aberdeen, S. D., and Merchant & Gould by John D. Gould, Minneapolis, Minn., for plaintiff.

George J. Rice, Aberdeen, S. D., and James R. Cwayna, Minneapolis, Minn., for defendant.

## DECISION

BECK, District Judge.

This is a patent infringement suit, with asserted right for injunctive relief against the defendant, his servants, employees and all others acting under or through him directly or indirectly, for damages shown to have been sustained, trebled to the extent that the alleged infringement may be shown to have been wilful, for costs, reasonable attorney fees and for such other and further relief as the court may deem just and proper. 35 U.S.C. §§ 271 and 281–285, are relied on as giving rise to the case and jurisdiction, both as to claims and parties *is invoked under 28 U.S.C. §§ 1338(a) and 1400(b).*

The history leading to the issuance on January 17, 1967, of United States Letters Patent No. 3,298,550, entitled Haystack Transporting Device to the plaintiff admitted and not disputed, shows Boyd D. Schlitz as the inventor, an assignment from him of all of his rights in his invention to the Daffin Corporation and it in turn making a similar transfer to the plaintiff.

Other material facts agreed on under the pleadings or as a result of admissions, stipulations or matters not in dispute as the court finds and concludes are in the plaintiff's resort to infringement as its only possibility for re-entry into the market against the overwhelming user acceptance of the Craven Haystack Mover Device.

The record shows all other routes into that market to have been closed which, as the court finds, is reflected in the user acknowledgment of Craven as the pioneer in the field since 1947, his production of the first built cable-type haystack mover in the United States, his sales of 2,400, his adherence without exception to his own chain type mover model produced in December 1963 or early in 1964 having a forward speed of the chain to the backward movement of the vehicle in the loading operation, at a differential ratio of 8' 6" to 10', his refusal to manufacture the Schlitz Model with its speed ratio reversed and in the tribute from users that he had the best, reflected in the approval of the pivoting device making loading less difficult and the speed differential causing a compacting of the stack as it would be moved and not as under Schlitz having the opposite effect and tearing the bottom of the stack apart. (Pre trial Tr. 1–31, Tr. 65–115, 219–277).

That background points in the direction of a construction that the language *"generally equal to * * *"* (emphasis supplied) in paragraph "h" [1] of Claim 10 as it appears in the application filed in the Patent Office of the United States, May 25, 1966 (P.A. page 94) with explanatory references as to speed (P.A. pages 88–91 and 93), is all that is neeeded or required for a decision on the plaintiff's claim that the Craven concepts are infringements of the patent.

"Equal" in that language is defined in Webster's New International Dictionary, 2d Ed., Unabridged, at page 863:

" * * * (1) Exactly the same in measure or amount, however regarded; alike or identical in magnitude, quantity, number, or degree; as, equal

---

1. "(h) and second drive means operative to impart concerted movement to the inclined upper flights of said conveyor elements in a direction opposite to the direction imparted to said machine by said first mentioned drive means and at a rate on the incline such that said flights have a hortizontal component of movement generally equal to the rate of machine movement."

quantities of grain, periods of time; persons of equal stature. (2) Like in value, quality, status, or position; neither inferior nor superior; equivalent; as commodities of equal worth; persons of equal merit; with reference to natural right, entitled to what any other individual is entitled to, having or deserving the same treatment or privileges. * * *.",

with *"generally"* even as it is defined:

"In a general manner; as: a. Obs. collectively; as a whole. b. Obs. Universally. c. For the most part; extensively, though not universally; most frequently. d. In a general way, or in a general relation. e. In the main; upon the whole; usually.", (Webster's supra, page 1044),

nevertheless, in a case of this kind must be construed so as to include Schlitz's own specified speed invention concept *greater than* the backward movement of the vehicle in the loading operation. (Emphasis supplied).

Having that setting and it is not in dispute, the Court finds the plaintiff's first cited rule in Graver Tank & Mfg. Co., Inc. v. Linde Air Products Co. (1950), 339 U.S. 605 at 607–608, 70 S. Ct. 854, at 855, 94 L.Ed. 1097, not to apply:

"In determining whether an accused device or composition infringes a valid patent, resort must be had in the first instance to the words of the claim. If accused matter falls clearly within the claim, infringement is made out and that is the end of it.",

but a situation rather in which the pronouncements in Borg-Warner Corporation v. Paragon Gear Works, Inc., 355 F.2d 400 at 403–404, (1 Cir. 1965) appear as apt under the following part of that opinion:

"However, it is plaintiff who abuses the meaning. Plaintiff correctly asserts that 'substantially' cannot be determined in the absence of a context or standard. Citing cases, it suggests that 'things are "substantially" (i. e.,

in substance) the same if they are the same as a practical matter from the standpoint of doing the same overall job.' It goes on to argue that. the substance of the invention is that 'the cover ports must be of length to mate with the seal plate apertures in two rotative positions * * *.' This proves too much. It is true that different words and symbols are able to connote different degrees of generality. *Here plaintiff has employed perhaps the most specific symbol, a number, and then broadened its meaning by the modifier 'substantial.' This is, of course, a useful and often necessary conjunction of words, but the modifier cannot be taken to negative entirely the specificity of the numeral it modifies. Rather, the phrase as a whole must be given a reasonable meaning. Plaintiff is correct that 'substantially' and 'approximately' cannot be read out of the patent. Raybestos-Manhattan, Inc. v. Texon, Inc., 1 Cir., 1959, 268 F.2d 839. But neither can the presence of these words render the specific numbers of no moment. See Magruder, C. J., concurring in Texon, 268 F.2d at 843."* (Emphasis supplied)

"Greater than" appearing in the application for the patent dated April 4, 1964 (P.A. 14–15) with adherence to it because of need *"for the gentle handling of a haystack"* (P.A. 31) with other references to the rate at P.A. 36, 88, 90–91 and 93, and we have here as in Borg-Warner, explicits which are controlling, the general not permitted and the patent involving a speed operating against the objective sought to be achieved in stock mover operations basically different from the Craven concepts and infringements as claimed not established. (Emphasis supplied).

The court for those reasons finds the challenged Craven device not to be within the plaintiff's claims, the patent not to have been infringed, with judgment for the defendant and against the plaintiff and attorney fees hereby allowed in the sum of $1,500 and costs to

be taxed by the clerk as provided for by law.

This decision is to be treated as the court's findings of fact and conclusions of law with judgment forthwith to be prepared by counsel for the defendant and submitted to the court for approval and entry.