**FARMHAND, INC., Appellant,**

**v.**

**Russell O. CRAVEN, d/b/a Craven Welding Co., Appellee.**

**No. 71-1334.**

United States Court of Appeals,
Eighth Circuit.

Feb. 29, 1972.

Rehearing Denied March 27, 1972.

John D. Gould, Minneapolis, Minn., for appellant.

James R. Cwayna, Minneapolis, Minn., for appellee.

Before MATTHES, Chief Judge, LAY, Circuit Judge, and HUNTER, District Judge.

LAY, Circuit Judge.

Plaintiff, Farmhand, Inc., owns Letters Patent No. 3,298,550 covering a "chain type" haystack mover. It brought an action for infringement against Russell Craven for the manufacture and sale of an allegedly similar device.[1] Though conceding the validity of plaintiff's patent, Craven successfully defended in the district court on the ground that his hay moving machine was not an infringement. The district court found no infringement by Craven's machine, dismissed the action and granted defendant attorney fees. On appeal we hold that the district court's finding of no infringement is clearly erroneous.

Plaintiff's device employs six roller chain belts running lengthwise in beams on an elongated truck or trailer bed. As the truck is backed into a haystack the load carrying surface is slightly inclined and the roller chains serve as a conveyor pulling the haystack onto the load surface. Defendant's machine is similarly designed to load the haystack in the same manner. The disputed claim relates to their operation. Plaintiff claims infringement under claim 10(h) which reads as follows:

> "(h) [A]nd second drive means operative to impart concerted movement to

---

1. The original patentee was Boyd Schiltz. Up until 1963 haystack movers utilized a cable-type device. This machine was both time consuming and difficult to operate. To overcome these disadvantages, Schiltz perfected a chain-type mover. In late 1963 he approached the defendant Craven, a leading producer of the cable-type mover, to sell his idea. No satisfactory agreement could be reached and Schiltz ultimately sold his forthcoming patent rights to Farmhand, Inc.

the inclined upper flights of said conveyor elements in a direction opposite to the direction imparted to said machine by said first-mentioned drive means and at a rate on the incline such that said flights have a horizontal component of movement generally equal to the rate of machine movement."

The trial court found that plaintiff's claim requires the roller chains to move at a rate *greater than* the rate of the back-up speed of the truck. Defendant claims the distinguishing feature of his device is that its roller chains move at a slower rate than the backward movement of the truck, supposedly to better compact the haystack. Defendant measured the ratio on his machine at six inches less chain movement per ten feet of truck movement. Thus, the issue is whether the "generally equal" language of claim 10(h) encompasses this difference of speed.

Plaintiff offered testimony, and it is not disputed, that the speed differential can change on both machines depending on such variables as the surface of the ground and the load to be moved. Tests by plaintiff on the opposing machines demonstrated that when loading, the ratios between the chain movement and truck movement varied from 95 to 97½ percent on Craven's machine and from 96 to 105 percent on Schiltz's machine.

■ The district court found no literal infringement of plaintiff's claim because (1) the original patent application used the words "greater than" in many references to the speed differential and (2) the file wrapper specifications provided that plaintiff's roller chains must operate at a speed "greater than" the back-up rate of the truck. We cannot agree with those reasons. The trial court's opinion discloses that the numerous "greater than" references are to

claims not at issue in this suit. For example, the court makes reference to the fact that the Patent Office allowed the patent after plaintiff struck "generally equal" and substituted "greater than." The difficulty with this observation is that the specific reference in question relates to claims 3, 4 and 7 and not to claim 10. Plaintiff was granted a patent on eleven claims, and each claim differs from the other. The limitations of a separate claim cannot be used to restrict the provisions of another claim. See Automated Building Components, Inc. v. Hydro-Air Engineering, Inc., 237 F.Supp. 247, 250 (E.D.Mo.1964), affirmed 362 F.2d 989 (8 Cir. 1966); Hansen v. Colliver, 282 F.2d 66, 69 (9 Cir. 1960); Cameron Iron Works v. Stekoll, 242 F.2d 17, 21 (5 Cir. 1957). Defendant posits the argument that if the horizontal movement of the chain conveyor is to be generally equal to the backward movement of the truck, then in the inclined loading position the chains must go at a faster rate than the truck. This reads the specification to mean that the roller chains *must* move faster in order to achieve exact mathematical equality between the truck and the chains on the horizontal. The specifications do not require this.[2]

Assuming arguendo, no literal infringement of plaintiff's claim 10(h), defendant still cannot prevail. The trial court in finding no literal infringement failed to discuss the next and necessary question—whether the two devices are basically equivalent in means, operation and result. Although the trial court did not discuss the doctrine of equivalents, it found that because of the difference in movement of the roller chains of the two machines, defendant's device was "basically different." 324 F.Supp. at 209. We hold this finding to be clearly erroneous.

2. The specification reads in part:
"The rate of horizontal movement of the conveyor chains should be *generally equal* to the rate of truck movement in the opposite direction. Since the chains are inclined when loading and unloading, the specific rate of chain movement *may be* slightly *greater than* the rate of truck movement in order to provide *generally equal* rates of relative movement in horizontal directions." (Emphasis ours.)

In Graver Tank & Mfg. Co., Inc. v. Linde Air Products Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097 (1950), the Supreme Court explained that the doctrine of equivalents prevented fraud by copyists making changes in a patent "which, though adding nothing, would be enough to take the copied matter outside the claim, and hence outside the reach of the law." 339 U.S. at 607, 70 S.Ct. at 856. The Court described the test to be that, " 'if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form or shape.' " 339 U.S. at 608, 70 S.Ct. at 856. Applying the equivalency test in this circuit entails making the determination that, " 'the infringing device must be substantially identical with the one alleged to be infringed in (1) the result attained; (2) the means of attaining that result; and (3) the manner in which its different parts operate and cooperate to produce that result.' " Montgomery Ward & Co. v. Clair, 123 F.2d 878, 881 (8 Cir. 1941). See Ralston Purina Co. v. General Foods Corp., 442 F.2d 389, 393 (8 Cir. 1971); General Bronze Corp. v. Cupples Products Corp., 189 F.2d 154, 159 (8 Cir. 1951).

■ There is no dispute that the Craven haystack mover substantially matches the patent in the means used and the result attained. Argument is made that the Craven machine is an improvement over the patented device by better compacting the haystack. However, it is well settled that "an improver cannot appropriate the basic patent of another. . . . " Temco Electric Motor Co. v. Apco Mfg. Co., 275 U.S. 319, 328, 48 S.Ct. 170, 173, 72 L.Ed. 298 (1928); Paper Converting Machine Co. v. FMC Corp., 409 F.2d 344, 353 (7 Cir. 1969), cert. denied, 396 U.S. 877, 90 S.Ct. 154, 24 L.Ed.2d 136. The only other ground upon which defendant might avoid the doctrine of equivalents relates to the *manner* in which the parts operate.

Craven asserts his chain speed is slower than his truck speed, although he concedes that for proper results the two speeds must be "somewheres near." The inventor of the patented device, Schiltz, testified that he sought to have the roller chains and the truck speed to be "about the same" so that "when you're loading a stack the chains aren't running so much faster that it pulls the stack apart or so much slower that the wheels of the truck have to spin in the process of loading." We think the overall record makes clear that the difference in the manner of operation of the two machines, if any exists at all, is merely one of degree.

■ It is settled law that, "[i]nvention will not be decided on the narrow issue of degree." Swenson v. Boos, 156 F.2d 338, 341 (8 Cir. 1946); American Infra-Red Radiant Co., Inc. v. Lambert Industries, Inc., 360 F.2d 977, 987 (8 Cir. 1966), cert. denied, 385 U.S. 920, 87 S.Ct. 233, 17 L.Ed.2d 144. The same rule applies to a defense against infringement. Nor can mere verbalisms defeat the intended substance of a claim. Stubnitz-Greene Spring Corp. v. Fort Pitt Bedding Co., 110 F.2d 192, 198 (6 Cir. 1940); Heywood-Wakefield Co. v. Frank & Son, Inc., 98 F.2d 772 (2 Cir. 1938); Robins v. Wettlaufer, 81 F.2d 882, 893, 23 CCPA 952 (1936), cert. denied 302 U.S. 766, 58 S.Ct. 477, 82 L.Ed. 594 (1938). Terms such as "generally equal" will not be held to a precise limitation when the record makes it obvious that they were intended to convey exactly the opposite meaning—that of an approximation. We conclude that the finding of no infringement was clearly erroneous under Rule 52(a).[3]

---

3. See Vallen v. Volland, 122 F.2d 175 (8 Cir. 1941) [change of relative position of parts performing same respective functions; finding of no infringement reversed]; Maxon v. Maxon Construction Co., 395 F.2d 330 (6 Cir. 1968) [finding of no infringement as to dump truck body clearly erroneous because mere improvement insufficient]; Nasco, Inc. v. Vision-Wrap, Inc., 352 F.2d 905 (7 Cir. 1965) [finding of no infringement by bag identical with patented structure in all material

**612**

The trial court's award of attorney fees likewise falls with the reversal on the merits. See Elrick Rim Co. v. Reading Tire Machinery Co., Inc., 264 F.2d 481, 489 (9 Cir. 1959), cert. denied, 360 U.S. 920, 79 S.Ct. 1434, 3 L.Ed.2d 1535.

Judgment reversed and remanded for a trial on the issue of plaintiff's damages.

respects clearly erroneous] ; Marvel Specialty Co., Inc. v. Bell Hosiery Mills, Inc., 330 F.2d 164 (4 Cir. 1964), cert. denied, 379 U.S. 899, 85 S.Ct. 187, 13 L.Ed. 2d 175 [clearly erroneous in giving narrow scope to patented device so as to exclude accused device with materially the same elements] ; Ekco Products Co., Inc. v. Chicago Metallic Mfg. Co., 321 F.2d 550 (7 Cir. 1963), cert. denied 375 U.S. 970, 84 S.Ct. 490, 11 L.Ed.2d 418 (1964) [finding of no infringement clear error because not supported by the record].