**FARMHAND, INC., Appellee,**

v.

**LAHMAN MANUFACTURING COMPANY, INC. and Robert Anderson, d/b/a Platte Implement, Appellants.**

No. 77–1072.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1977.

Decided Jan. 11, 1978.

Kenneth D. Siegfried, Minneapolis, Minn., for appellants; Joe L. Maynes, Aberdeen, S. D., on brief.

John D. Gould, Professional Assn., Minneapolis, Minn., for appellee; Alan G. Carlson, Minneapolis, Minn., on brief.

Before BRIGHT, WEBSTER and HENLEY, Circuit Judges.

HENLEY, Circuit Judge.

This patent infringement suit is before us on appeal from the United States District Court for the District of South Dakota. Plaintiff, Farmhand, Inc., is a Delaware corporation with its principal place of business in Hopkins, Minnesota. Plaintiff is engaged in the business of manufacturing and selling farm implements and is the owner by assignment of United States Letters Patent No. 3,298,550 issued in 1967 to Boyd D. Schiltz. The patent describes and covers a device whereby large haystacks can be loaded on trailers or trucks, transported to a desired destination, and then unloaded by the use of a chain type hoisting apparatus.

Defendant, Lahman Manufacturing Company, Inc., is a South Dakota corporation with its principal place of business in Heckla, South Dakota. Like plaintiff, it is engaged also in the manufacture of farm implements, including a stack moving device which plaintiff contends infringes the Schiltz patent.

The other defendant, Robert Anderson, is an individual who does business as Platte Implement in Platte, South Dakota. During the suit period he sold allegedly infringing machines which he had purchased from Lahman.

Claiming that the Lahman machine infringed Claims 10 and 11 of its patent, plaintiff commenced this action against Lahman and Anderson in 1972. The defendants answered and filed counterclaims against plaintiff seeking a declaratory judgment to the effect that the patent in suit is invalid and seeking damages for alleged violations of the federal antitrust laws, 15 U.S.C. §§ 1–15. A third party complaint was also filed against the inventor, Schiltz. In due course the antitrust claims of the defendants against plaintiff and Schiltz were severed from the plaintiff's patent infringement claims and were ultimately dismissed summarily. The severed claims are not involved in this appeal.

In its complaint Farmhand sought injunctive relief and treble damages, together with an attorney's fee and costs. It appears that by agreement determination of the amount of damages, if any, sustained by plaintiff was postponed pending the district court's decision on the underlying issues of patent validity and infringement.

The case was the subject of a bench trial of eighteen days duration which was conducted by Chief District Judge Fred J. Nichol. On September 27, 1976 Judge Nichol filed a memorandum opinion incorporating his findings of fact and conclusions of law. *Farmhand, Inc. v. Lahman Mfg. Co.*, 192 USPQ 749 (1976). The district court found that Claims 10 and 11 of the patent in suit were valid and infringed, and that plaintiff was entitled to injunctive relief and to damages. However, no determination has yet been made as to the amount of damages that plaintiff should recover. The district court found that the case was not an "exceptional" one and denied plaintiff's claim for an attorney's fee. *See* 35 U.S.C. § 285. Plaintiff does not complain of that ruling.

Plaintiff's device was put on the market in 1963. Prior to that time persons who had occasion mechanically to move haystacks from one place to another did so by lashing the stacks to tiltable truck or trailer beds by means of cables and winches. A stack would then be transported to its destination by truck or by tractor and would be unloaded by retilting the bed or trailer and releasing the stack therefrom.[1]

Plaintiff's device also makes use of tiltable beds or trailers which are part of or connected with trucks or trailers. However, plaintiff's device differs substantially from the old cable type movers. In *Farmhand, Inc. v. Craven*, 455 F.2d 609, 609 (8th Cir. 1972), the court described plaintiff's device as follows:

Plaintiff's device employs six roller chain belts running lengthwise in beams on an elongated truck or trailer bed. As the truck is backed into a haystack the load carrying surface is slightly inclined and the roller chains serve as a conveyor pulling the haystack onto the load surface. . . .

The operation of plaintiff's device was described by Judge Nichol in this case as follows:

. . . To load a haystack with the device, the mover is backed up to a haystack, the bed is tilted, and the mover is started back under the stack. At this point the rearward motion of the truck or tractor and the forward motion of the chains on the bed act in concert to lift the stack onto the bed as the bed simultaneously moves further under the stack. Unloading the mover requires a mere reversal of this process. . . .

192 USPQ at 754.

One significant feature of plaintiff's mover is that the forward movement of the chain conveyor is at approximately the same speed as that of the backward motion of the bed as it is being pushed under the stack to be moved. *See* discussion in *Farmhand, Inc. v. Craven, supra.*[2]

There is no question that plaintiff's chain-type mover is superior to the old cable-type movers in a number of ways. The cable-type movers were slow and relatively inefficient; some of the necessary operations had to be performed manually and required the operator to dismount from his truck or tractor which could be particularly burdensome in bad weather; and the cable-type movers presented some safety hazards. After pointing out some of the disadvantages of the cable-type mover, the district court went on to say:

The chain-type mover, it is conceded, has numerous advantages over the cable-type. In operating a chain-type mover the operator need not leave the cab of his truck or tractor during loading or unloading. The chain-type mover eliminates the necessity of manual operations . .

1. *See Farmhand, Inc. v. Craven*, 455 F.2d 609 (8th Cir. 1972). That suit was brought against Russell O. Craven of South Dakota, a leading producer of cable-type movers. Plaintiff claimed that Craven had infringed Claim 10(h) of the Schiltz patent. The defendant conceded the validity of the patent but denied infringement. The defendant prevailed in the district

court. *Farmhand, Inc. v. Craven*, 324 F.Supp. 207 (D.S.D.1971). The judgment of the district court was reversed by this court which was of the view that infringement had been shown.

2. Claims 10 and 11 of the Schiltz patent are set out in full in the district court's opinion and will not be copied here.

The operation of the chain-type mover is much quicker than that of the cable-type, and enables an operator to load and unload more stacks in a given period of time.

192 USPQ at 754.

While conceding that plaintiff's device is a useful one and is an improvement over the cable-type stack movers that have been described, the defendants contended in the district court and contend here that the patent in suit is invalid or that, if valid, it has not been infringed.

■ It is not our function to try this case de novo. We are required to accept the factual findings of the district court unless clearly erroneous, Fed.R.Civ.P. 52(a), and if the district court applied correct standards of law to the acceptable facts of the case, its judgment must be affirmed.

From our consideration of the record, we are satisfied that the factual findings of the district court are adequately supported by the evidence, and that the district court did not err in applying the law to the facts. Accordingly, we affirm the district court's judgment and do so principally on the basis of the opinion of Judge Nichol which we consider to be detailed, painstaking and well reasoned.

■ Looking first at the issue of infringement, plaintiff claimed that the defendants had infringed Claim 10(h) and Claim 11 of the patent, and it seems to have been conceded that if Claim 10(h) had been infringed Claim 11 had also been infringed.

Citing the tests of infringement laid down in *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 607, 70 S.Ct. 854, 94 L.Ed. 1097 (1950), and in *Farmhand, Inc. v. Craven, supra*, 455 F.2d at 611, the district court found that the claims in question had been infringed by equivalent if not literally. In *Farmhand, supra*, 455 F.2d at 611, we said:

. . . Applying the equivalency test in this circuit entails making the determination that, " 'the infringing device must be substantially identical with the one alleged to be infringed in (1) the result attained; (2) the means of attaining that result; and (3) the manner in which its different parts operate and cooperate to produce that result.' " *Montgomery Ward & Co. v. Clair*, 123 F.2d 878, 881 (8 Cir. 1941). See *Ralston Purina Co. v. General Foods Corp.*, 442 F.2d 389, 393 (8 Cir. 1971); *General Bronze Corp. v. Cupples Products Corp.*, 189 F.2d 154, 159 (8 Cir. 1951).

We agree that the district court correctly made the three-fold determination in question.

It is clear from the opinion of the district court that it viewed the issue of patent validity as much more serious than the issue of infringement. And the great bulk of the opinion is devoted to a discussion of the various aspects of the validity issue.

At the outset the district judge recognized that the essentials of patentability are invention or discovery, usefulness and novelty. 35 U.S.C. § 101. It was also recognized that a patent is presumptively valid, and that the burden of proving invalidity of a patent by at least substantial evidence is upon the party who asserts it. 35 U.S.C. § 282; *Woodstream Corp. v. Herter's, Inc.*, 446 F.2d 1143, 1149–50 (8th Cir. 1971); *L. & A. Products, Inc. v. Britt Tech Corp.*, 365 F.2d 83, 86 (8th Cir. 1966).

Section 282 of Title 35 not only specifies that a patent is presumptively valid, it also sets out the defenses that are generally available in suits for patent infringement. Those defenses are: (1) Non-infringement, lack of responsibility for infringement, or unenforceability; (2) invalidity of the patent or of any particular claim in suit on any ground specified in Part II of the Patent Act as a condition of patentability; (3) invalidity of the patent or claim for noncompliance with § 112 or § 251; and (4) any other fact or act made a defense under the Act.

Basically, the position of the defendants is that the Schiltz patent does not meet the conditions of patentability set out in 35 U.S.C. § 102(a) and (g) since the invention was anticipated by the prior art; that the

condition set out in § 103 was not met because the invention was "obvious" in the light of the prior art; and that the specification of the patent application did not set out the best mode for the carrying out of the invention as required by § 112. It is further contended that the patent is invalid or unenforceable because of acts or omissions of the applicant in the prosecution of the application before the Patent Office. And still another contention is that the patentee was not the true inventor of the patented device.

All of those contentions, and perhaps others, were considered in detail by Judge Nichol and were rejected by him. We can add nothing of substance to what he has said. We agree with counsel for plaintiff that the questions before the trial court were essentially factual, that the findings of the trial judge have adequate evidentiary support, and that he divined correctly the governing legal principles.

The judgment of the district court is affirmed, and the case is remanded for a determination of the amount of damages to which plaintiff is entitled.