FARMHAND, INC., Appellant,

v.

LAHMAN MANUFACTURING COMPANY, INC., and Robert Anderson, d/b/a Platte Implement, Appellees.

No. 80–2018.

United States Court of Appeals, Eighth Circuit.

Submitted May 21, 1981.

Decided June 10, 1981.

---

* The Hon. Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa, sitting by designation.

John D. Gould, Douglas J. Williams, Merchant, Gould, Smith, Edell, Welter & Schmidt, P. A., Minneapolis, Minn., Deming Smith, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for appellant.

Kenneth D. Siegfried, Schroeder, Siegfried, Ryan, Vidas, Steffey & Arrett, P. A., Minneapolis, Minn., Joe L. Maynes, Maynes, Tonner, Maynes & Tobin, Aberdeen, S. D., for appellees.

Before GIBSON, Senior Circuit Judge, ARNOLD, Circuit Judge, and McMANUS,* Chief District Judge.

* Edward J. McManus, Chief District Judge, Northern District of Iowa, sitting by designation.

PER CURIAM.

This is an appeal from an order of the district court denying Farmhand, Inc.'s (Farmhand's), motion for contempt. Reversed.

This is a patent case that has been before us on two previous occasions. On the first occasion we affirmed the trial court's determination that a machine manufactured by Lahman Manufacturing Company, Inc. (Lahman), infringed Farmhand's patent. *Farmhand, Inc. v. Lahman Mfg. Co.*, 568 F.2d 112 (8th Cir.), *cert. denied*, 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978). We are now called upon to review an order of the trial court denying a contempt motion of Farmhand's that was based on the contention that Lahman was manufacturing and selling a new machine that also infringed Farmhand's patent and thereby violated the trial court's injunction.

Farmhand asserts on appeal that the district court failed to decide the motion for contempt on the merits. We agree. It appears from the record that the district judge below having earlier taken senior status, at the hearing on Farmhand's motion elected not to involve himself further with the case and denied Farmhand's motion on that basis.

As authority for his decision to remove himself he relied on 28 U.S.C. § 294(b), which provides:

> (b) Any judge of the United States who has retired from regular active service under section 371(b) or 372(a) of this title shall be known and designated as a senior judge and may continue to perform such judicial duties as he is willing and able to undertake, when designated and assigned as provided in subsections (c) and (d).

While this statute would indeed seem to authorize the trial judge's decision to discontinue his involvement with the case, it does not authorize his failure to decide Farmhand's motion on the merits. Rather

than denying Farmhand's contempt motion, the senior judge should have arranged for reassignment of the motion to another judge for decision on the merits.

Accordingly, the order denying Farmhand's motion for contempt is reversed and the motion remanded to the chief district judge for reassignment to another judge for decision on the merits.

Reversed.